## Richmond.

### WITHERS' ADM'R AND ALS. V. SIMS AND ALS.

#### JANUARY 8TH, 1885.

1. PRACTICE IN CHANCERY—*Multifariousness.*—A bill brought to obtain a construction of a will and the recovery of property held by several persons by titles derived under the same will, is not multifarious.

2. IDEM—*Jurisdiction—Remedy at law.*—Bill in equity will not lie merely to save necessity of several actions of ejectment. But where the title of all the parties to the property in controversy depends upon the construction *to be given* to the will, a bill will be entertained to construe the will and settle the title of several parties to the property at the same time.

3. IDEM—*Res judicata—Parol evidence.*—Where judgment or decree is relied on as estoppel, and pleadings and proceedings in former suit leave it doubtful what was the issue, or state of facts whereon the judgment or decree was rendered, parol evidence is admissible in subsequent suit to show what was actually in issue and determined by former suit.

4. IDEM—*Res judicata—Estoppel.*—All matters presented and received, or presentable to sustain the particular demand litigated in prior suit, and all matters presented or presentable under the issue to defeat such demand, are concluded by the judgment or decree in the former suit.

5. WILLS—*Construction—Res judicata—Case at bar.*—In 1871, testator willed property to be held by his executors in trust for G. and E., until they respectively arrive at twenty-one, or marry; if either die without lawful issue, then the whole to be held for the survivor until twenty-one; and if survivor be twenty-one at time of such death, then the whole to go to him; but should both die without lawful issue, then the whole to revert to testator's estate. Executors declining, B. qualified as administrator *c. t. a.* In 1872, G. and E., still minors, brought their bill against administrator *c. t. a.* and testator's children, reciting the will and praying the court to decide if the trusts in the will devolved on the administrator *c. t. a.*, and if not, to appoint a trustee to execute

those trusts, and to direct him to pay G. and E. a reasonable sum for their maintenance. The court decided that G. and E. each had a vested estate, subject to be divested, and if either died under twenty-one, the whole to go to survivor; that the estate being vested, G. and E. each was entitled to maintenance out of it; and that each was entitled to the possession of his portion when he attained twenty-one, or married. G. and E. both attained twenty-one and died without lawful issue. In 1881, testator's children brought their bill against G. and E.'s representatives for construction of the will and recovery of the property. Defendants answered, citing the decree of 1872, as having properly adjudicated the issues raised by the bill last mentioned.

HELD:

1. The matters put in issue by the bill of 1881, were not embraced in the issue presented by the bill of 1872, and are not *res judicata*.

2. G. and E. each took a vested equitable estate in fee, subject to be divested only on the death of each under twenty-one, without lawful issue, and so soon as each of them arrived at twenty one. his estate became absolute and indefeasible.

Appeal from decree of circuit court of Pittsylvania county, rendered December 15th, 1882, in the chancery suit wherein W. H. Sims and wife, John R. Wilson and George W. Clark and others are plaintiffs, and E. D. Withers in his own right and as administrator of Edward Withers, deceased, Charles C. Miller, executor of George W. Withers, J. D. Blair, adm'r *c. t. a.* of George Wilson, deceased, William Thomas and others, are defendants.

The object of this suit is to construe the will of George Wilson, deceased, and to recover the property bequeathed and devised thereby to his grandsons, George W. Withers and Edward Withers, both of whom died after attaining twenty-one years of age, and without lawful issue. The decree of the circuit court being unfavorable to the defendants, they applied for and obtained from one of the judges of this court an appeal and writ of *supersedeas.*

Opinion states the case.

*Carrington & Fitzhugh* and *E. E. Bouldin,* for the appellants.

*John W. Rieley* and *L. C. Berkeley, Jr.*, for the appellees.

HINTON, J., delivered the opinion of the court.

By the second clause of his will, George Wilson, of the county of Pittsylvania, who died many years ago, made the following devise and bequest:

"Second. After the death of my wife, I give to my executors, hereinafter named, in trust for my grandchildren, George W. Withers and Edward Withers, the tract of land and all of the personal property devised in the above clause to my wife for life, and also two-thirds of any debts or stock due me, or of any money on hand at my death. The property named or referred to in this clause is to be held by my executors aforesaid in trust for my said grandchildren until they shall respectively attain the age of twenty-one or marry. Should either of my said grandchildren die without lawful issue, then I wish the whole of the property named in this clause held by my executors hereinafter named in like manner for the survivor of said grandchildren, until such survivor arrives at twenty-one years of age; or if he shall be twenty-one years of age at the time of such death, then I wish the whole of the property named in this clause to go to him: but should both of my said grandchildren die without lawful issue, then I wish the whole of the property named or referred to in this clause to revert to my estate and be divided among my heirs and distributees according to the laws of Virginia."

The testator, by other clauses of his will, gave also to his wife, in fee simple, one-third of the debts due him, stock and money, and one-third of the proceeds of the sale of certain land, (which he had directed his executors to sell), and the other two-thirds he gave to his executors in trust, for his said grandchildren, "subject to the same trusts and conditions as to the property bequeathed to them" in the second clause of his will.

The testator's wife died in his lifetime, and all of the persons named as executors in the will refusing to qualify, the estate was committed to J. D. Blair as administrator *c. t. a.*  Soon thereafter, in January, 1872, these same grandchildren, Edward and George W. Withers, who were minors, by their next friend, brought suit in the circuit court of the county of Pittsylvania, against the said administrator, the children of the testator and the husbands of the testator's daughters; but the scope and effect of this suit, being one of the controverted questions in this appeal, need not now be stated further than to say that it is admitted that it called on the court to declare whether or not the trusts of the will devolved on the said administrator, and if not, to have a trustee appointed to execute them; whether in consequence of the death of the wife in the testator's lifetime, the testator died intestate as to one-third of the stock, debts and moneys given to her absolutely, or the same passed to the grandsons along with the two-thirds thereof bequeathed to them; and further to have an allowance made to them for their maintenance and education during their minority from said property.  To this suit the administrator appeared and answered, but it seems doubtful whether any appearance was made by the other defendants.  The court in its decree held that the trust devolved on the administrator *c. t. a.*; "that the property bequeathed and devised to the said plaintiffs, George W. Withers and Edward Withers, was a vested interest to be held by the nominated trustees for the benefit of said George W. and Edward Withers, subject to be divested and go to the survivor, if either died under twenty-one years of age, or if one died under twenty-one years of age, leaving the other who attained twenty-one years of age the portion given to the deceased one, or the whole to belong to such survivor;" and that "being a vested estate, the plaintiffs are each entitled to a reasonable maintenance out of said estate;" and that each of the plaintiffs is entitled to his portion of said estate when he attains the age of twenty-one years or marries.  In this suit par-

tition was made of the real estate, and, under the direction of the court, all the other estate devised to the minors was by the administrator turned over to them as they became of age. At the September term, 1874, a final decree was entered and the cause was stricken from the docket. The personal estate has been disposed of by the grandchildren as they pleased, and some of the land has been sold, whilst some of it has been conveyed away by them to secure debts contracted by them since they became of age. In the year 1877, Edward Withers, the younger of the two, died intestate, aged twenty-four years, and in 1880, the elder of the two, George W. Withers, who was then twenty-eight years of age, died, leaving a will which was duly probated. Their father, E. D. Withers, inherited from his son Edward his estate, and took by devise the estate of his other son, George W. Withers.

In 1881, the heirs of the testator, George Wilson, who were the same persons who were defendants to the former suit, except Mrs. Clark, who died in 1874, and whose interest is now represented by her children, instituted the present suit in the circuit court of Pittsylvania, to have the court construe the will of the deceased, in respect to the contingency that had happened, the death of both grandchildren without lawful issue; at the same time claiming that the estate devised to the said Edward and George W. Withers reverted, under the provisions of the will, to them. The bill sets out the proceedings in the former suit; says that the plaintiffs are advised "that it was the intention of the testator, George Wilson, that all of the property devised and bequeathed as aforesaid to his said grandsons should be divested and pass to his heirs and distributees, if his said grandsons should die at any time without lawful issue;" denies that the complainants are precluded from recovering the property which was inherited by and devised to E. D. Withers, and that which had been sold or conveyed in trust as security for their debts by the grandsons in their lifetime, by any of the decrees or proceedings in the former suit. To this bill the ad-

ministrator, with the will annexed, of George Wilson, deceased, the personal representatives of the said Edward and George W. Withers, their heirs at law and distributees, the persons who had acquired from the grandchildren in their lifetime any of the lands embraced in said devise, and the trustees and beneficiaries in the deeds of trust aforesaid, or the said realty, were made defendants. To this bill the administrator *c. t. a.* filed an answer, in which he says: That in 1871, he informed the guardian of these grandsons that his counsel, Messrs. Robertson & Green, had advised him it was necessary to have the will of George Wilson construed; that the former suit was therefore brought, " and said will was fully construed at the June term, 1872;" he says that the construction placed on said will in the former suit was that Edward and George W. Withers took each a vested interest in the real and personal estate devised and bequeathed to him, which was subject to be divested only on their dying under twenty-one years of age; and that as soon as either one arrived at twenty-one years of age, his estate became absolute and indefeasible. Demurrers and answers were filed by the other defendants. The defendant, E. D. Withers, also insisted in his answer: 1st. That the true construction of said will was, that when the grandsons became twenty-one years of age their title to the property was absolute and indefeasible; 2nd. That this question was so decided in the former suit, to which all the complainants, or those under whom they claim, were parties, and is therefore *res adjudicata.* A plea of *res adjudicata* was also filed by all of the defendants.

In December, 1882, the cause came on to be finally heard, when the court decided that the matter was not *res adjudicata,* and that the true construction of the will was that contended for by the plaintiffs, Sims and wife, and decreed accordingly.

Now the court is of opinion that the circuit court did not err in overruling the demurrers to the bill, and that the same is not multifarious. The object of the bill is to obtain a construction of the second clause of the will of George Wilson, and the re-

covery of property held by persons by titles derived under the same. Upon the construction to be given to that instrument will depend the question, whether they are to retain or lose this property. They have therefore a common interest and a common defence, and in such a case may well be joined in the same suit. For whilst it is not competent for a plaintiff to demand several matters of different natures against several defendants, yet a demurrer will not lie, even though the defendants be unconnected with each other, if they have a common interest centering in the point in issue in the cause. *Almond* v. *Wilson*, 75 Va. R. 623; 2 Maddox Ch'y, 294. In the case with which we are dealing, as has been well said by one of the learned counsel for the appellees, "the will is the source of the title of them all to the property claimed by the plaintiffs in the suit, and its true construction is the pivotal point around which the interest of every party revolves." . The bill, therefore, is clearly not amenable to the objection of being multifarious. Story's Eq. Pl., sec. 271; *Nulton* v. *Isaacs*, 30 Gratt. 738; *Walters* v. *Farmers Bank of Va.*, 76 Va. R. 16. It is not demurrable for a similar reason. Of course a bill in equity will not lie merely to prevent a party plaintiff from the necessity of having to bring several actions of ejectment, but in a case where the very title of all the parties to the property in controversy depends upon the construction to be given to the will of the testator, no good reason can be perceived for putting the parties to the expense and delay of separate actions of ejectment against each occupier of the land, and that too in advance of a determination of the proper construction of the will, a question in which the interests of all of the defendants are vitally involved. If the construction placed upon the will should happen to be that contended for by the appellants, it puts an end to the whole litigation, the convenient and logical course to be pursued, therefore, was that adopted by the plaintiffs: to come into equity upon a bill framed like the one in this cause, and have all of the matters deter-

mined here, where the court can adapt its decrees to the proofs against each defendant, and can also properly apportion the costs.

It is next insisted by the appellants that the matter now litigated is *res adjudicata.* That the circuit court did, by its decree of June 4, 1872, in the former suit, styled Withers, by, &c., *v.* George Wilson's adm'r, construe the will of George Wilson, in respect to the contingency which has happened, the death of both Edward and George W. Wilson, without lawful issue. Upon the point of what constitutes *res judicata*, the authorities are not in entire harmony. A few of them, however, will be cited, simply with a view of illustrating the essential features of the doctrine, so far as we deem them applicable to the case in hand.

In *Russell* v. *Place*, 94 U. S. R. 608, Mr. Justice Field, in delivering the opinion of the court, says: "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to the operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered, the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." And says he: "To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

He further says, in that case, "that in the *Packet Company* v. *Sickles*, 5 Wall. 580, the general rule with respect to the con-

clusiveness of a verdict and judgment in a former suit between the same parties, when the judgment is used in pleading as an estoppel, or is relied upon as evidence, was stated to be substantially this: that, to render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined, that is, that the verdict could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter."

In *Chrisman's adm'x* v. *Harman & al.*, 29 Gratt. 499, the rule as stated in *Russell* v. *Place, supra,* is quoted with approval. Wells on Res Adjudicata, sec. 282; Freeman on Judgments, sec. 256.

Now let us apply these principles to the case at bar. It is true that the bill does advert to the provisions of the will, and suggests as the proper construction thereof the construction now contended for by the appellants; but upon a careful scrutiny of its whole frame, it seems to me, that its real objects are those disclosed in the special prayer of the bill, viz: to have the court decide whether the trusts of the will devolved on the administrator with the will annexed, and if not, to have the court appoint a trustee to execute them; and then to have a reasonable amount for support, education and clothing allowed them. And I am sustained in this conclusion not only by the fact that this was the view entertained of the objects of the bill by the administrator *c. t. a.*, at the time it was filed, as is shown by the statement in the answer of said administrator to that bill, that "the complainants' bill does not ask for any decisions upon this (meaning the construction of the will in the event that both of the grandsons should die after they had attained the age of twenty-one years, without lawful issue,) and other important questions of construction arising under the will, any further than is implied in the prayer, that some per-

son be appointed to execute the trusts of the will in the place of this defendant;" but by the terms of the decree as well: for whilst that decree does in terms declare, that the property bequeathed and devised to the grandsons "was a vested interest to be held by the nominated trustees for the benefit of the said George W. and Edward Withers, subject to be divested and go to the survivor, if either died under twenty-one years of age, or if one died under twenty-one years of age, leaving the other who attained twenty-one years of age the portion given to the deceased one," * * "and being a vested estate, that said plaintiffs are each entitled to a reasonable maintenance out of said estate," it is silent upon the point which is now in issue, and which is made a practical question by the contingency that has happened. We recognize that it may be urged in opposition to this view that the administrator has in his answer in the present suit asserted that the will of George Wilson, the testator, was fully construed by the decree of June term, 1872, in the first suit, and that the same views were possibly entertained by others. At most, these must have been mere opinions, and no matter how honestly they may be held, they cannot prevail as against the actual record of what was done, impressed upon the face of the pleadings and proceedings. Freeman on Judgments, sec. 258. But by what is here said it is not intended to intimate that parol or extrinsic evidence may not be received in a subsequent suit to show what was actually in issue and determined on the trial of a former suit, where the judgment or decree is relied upon as an estoppel, and the pleadings and proceedings in the former suit leaves us in doubt as to the precise issue or state of facts upon which the judgment or decree was rendered. *Campbell* v. *Rankin*, 9 Otto, 263; *Davis* v. *Brown*, 94 U. S. R. 428; *Chrisman's adm'r* v. *Harman & al.*, 29 Gratt. 494. Nor is it intended to throw any doubt upon the proposition that "all those matters which were offered and received, or which might have been offered to sustain the particular claim or demand litigated in the prior action, and those

matters of defence which were presented or which might have been introduced under the issue to defeat such claim, are concluded by the judgment or decree in the former suit," for to this extent the authorities certainly do go. *Davis* v. *Brown*, 94 U. S. R. 428; *Cromwell* v. *County of Sue*, Id.; *Malloney* v. *Horan*, 49 N. Y. 116; Wells on Res Adjudicata, secs. 211, 217, 252; Bigelow on Estoppel, 22; Freeman on Judgments, sec. 271.

It only remains for us to give our construction of the clause of the will under consideration, which may be briefly done. No doubt the rule of construction, recognized as well in this country as in England, as applicable in the construction of the limitation under examination, is, that where there is a gift over in the event of death without issue, that direction must be held to mean death without issue at any time, and the introduction of a previous life estate does not alter that principle of construction. *O'Mahoney* v. *Burdett*, L. R. 7 Eng. and Ir. Appeals, 399; *Ingram* v. *Soulter*, Id. 408; *Olevant* v. *Wright*, L. R. 1 Chy. Div. 349. But this rule, like all other general rules of construction, can have no application when a contrary intention appears in the will. *Tebbs* v. *Duval et als*, 17 Gratt. 361; *Smith's Ex'or* v. *Smith*, 17 Gratt. 286; *Olevant* v. *Wright, supra.* Here the intention sufficiently appears on the face of the will. The words of the will are: "Second. After the death of my wife, I give to my executors, hereinafter named, in trust for my grandchildren, George W. Withers and Edward Withers, the tract of land and all of the personal property devised in the above clause (meaning the first clause of his will) to my wife for life, and also two-thirds of any debts or stocks due me, or of any money on hand at my death." By these words the testator undoubtedly gave an equitable fee simple estate in the property devised. Had these grandsons been of age, no doubt he would have given it to them without the intervention of trustees, but recognizing that they were minors, he directs that it shall be held by his executors "in trust until they shall respectively attain the age of twenty-one or marry." Now had the will stop-

ped here, there could have been no question but that each of these grandsons would have been entitled, so soon as they became of age or married, to this property, as their absolute and indefeasible estate, for the language is too plain to admit of doubt, or to require construction. Here, then, is a clearly defined purpose that the trusts shall cease at the farthest when the grandchildren shall become of age, and sooner if they shall marry. And although this will must be read as a whole, this clear and unambiguous provision cannot be controlled by mere inference and argument from any general or ambiguous provisions in other parts of the instrument. *Rayfield and wife* v. *Gaines*, 17 Gratt. 1; *Simmerman* v. *Singer*, 29 Gratt. 16. But, the testator realizing that one or both of these grandsons might die without lawful issue before the period when according to his original or primary purpose these estates were to become absolute and indefeasible, then undertakes to provide for these cases by the words: " Should either of my grandchildren die without issue, then I wish the whole of the property named in this clause held by my executors, hereinafter named, in like manner for the survivor of said grandchildren until such survivor arrives at twenty-one years of age." Thus, again showing a purpose to adhere to his original intention to only continue the trust at farthest until his grandsons should become twenty-one years of age. Then recollecting that it was possible that the survivor might be above twenty-one years of age at the time of the happening of this contingency, *viz*, the death of one of his grandsons under twenty-one without issue, he adds, as a matter of course, "if he (the survivor) shall be twenty-one years of age *at the time of such death*, then I wish the whole of the property named in the clause to go to him." He then goes on in the same sentence: "but should both of my said grandchildren die without lawful issue, then I wish the whole of the property named or referred to in this clause to revert to my estate," etc. Now here the testator employs fewer words to express his meaning, but it seems to me very clear

that he was using the words " die without lawful issue " in the same sense that he had used those words in the first instance. By the first provision the gift was made full and complete, and it was only necessary to provide for the turning over of the property to them as they became twenty-one years of age or married.    This last sentence should be read in the light of this original purpose.    We think we must do as was done by vice-chancellor Sir Lancelot Shadwell, in *Wheable* v. *Withers*, 16 Simons, 507, read this sentence as if the words, "under the age of twenty-one years" were a part thereof.    *Kilpatrick* v. *Kilpatrick*, 13 Ves. 476.

The court is of opinion that the said grandchildren took each a vested equitable estate in fee in the property devised and bequeathed to them, which estate was subject to be divested only on the death of each under twenty-one years of age, without lawful issue, and that so soon as each of them arrived at the age of twenty-one years, his estate became absolute and indefeasible.

The court is therefore of opinion that so much of the decree of the circuit court of Pittsylvania appealed from, as is in conflict with this opinion, is erroneous, and must be reversed and annulled; and that a decree must be entered in conformity with the views herein expressed.

LEWIS, P. and FAUNTLEROY, J., concurred in the opinion.

LACY, J., concurred in the result.

RICHARDSON, J., dissented.

DECREE REVERSED.