Opinion.

## Staunton.

### STEINMAN v. HAGAN AND OTHERS.

September, 10, 1908.

Absent, Keith, P.

1. SPECIFIC PERFORMANCE—*Parties—Vendor Holding Legal Title—Sub-Purchasers.*—In a suit by a vendor who has not parted with his legal title against his vendee for the specific performance of a contract for the sale of real estate, a sub-purchaser of the vendee is not a necessary party. He is bound by any decree against his vendor affecting the title. The effect of the outstanding legal title is to admonish a sub-purchaser that he takes in subordination to the rights of the owner of such title. With respect to such owner, he is a mere intruder, and as against the paramount title a deed from his vendor invests him with no estate, legal or equitable. As a general rule, only parties to the contract are necessary to such a suit.

Appeal from a decree of the Circuit Court of Wise county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Irvine & Morison, Geo. A. Smith* and *A. C. Anderson,* for the appellant.

*Bond & Bruce* and *C. T. Duncan,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The essential facts of this case are these: On June 2, 1870, the appellee, Patrick Hagan, conveyed 264 acres of land situated in Wise county, Virginia, which included the 80 acres

involved in this litigation, to Felix Campbell, by deed recorded September 5, 1870. On June 3, 1870, Campbell, for the same consideration, reconveyed the identical land to Hagan, who withheld the deed from record until June 29, 1881. In the mean time, namely, on August 22, 1870, the attorney in fact for Campbell executed a title bond for the 80 acres to Anderson Wells, the bond reciting that it was in ratification of a previous contract between Hagan and Wells. And on December 15, 1874, Wells conveyed the coal and minerals underlying the tract to the appellant, Steinman, and Price. On the day following, Price conveyed his half interest to Steinman, who put both deeds to record.

In 1876, Campbell instituted for Hagan's benefit a suit in equity against Wells to enforce specific performance of the contract of sale; whereupon, the land having been decreed to be sold was bought by Hagan for the amount of purchase money due, with interest and costs. The sale was confirmed and title conveyed to Hagan by a special commissioner of the court; and the deed recorded December 10, 1877. In 1894, Hagan leased the coal under a large boundary of land, including the Wells tract, to the Ayres Coal Company, who in turn assigned their lease to the Norton Coal Company.

On December 19, 1906, this suit in equity was brought by Steinman against the appellees, alleging the foregoing facts (and others not material to be stated), for the purpose of setting aside the commissioner's deed to Hagan, and the mining lease to the Norton Coal Company, so far as they affected the coal and minerals in dispute. The prayer of the bill is that the land may be sold (the surface primarily) ; or at Hagan's election that his deed be permitted to stand, and that he be required to convey the coal and minerals to Steinman; and also that the mining lease to the Ayers Coal Company, and certain supplemental leases to the Norton Coal Company, to the extent to which they affect the coal and minerals in question, be set aside and cancelled.

From a decree, dismissing on demurrer the original and amended bills, this appeal was allowed.

Though the alleged laches of Steinman is relied on by Hagan as constituting a complete bar to his recovery, we deem it only necessary to consider the question of the conclusiveness of the decrees in the case of Campbell, for Hagan, against Wells, upon Steinman's right to the relief sought in this suit.

In its last analysis, that proposition depends upon whether or not Steinman was a *necessary* party to the former litigation. The general rule is well settled, that a person is not a necessary party when there is no proper privity or common interest between him and the plaintiff, such as would warrant the court in decreeing between them.

Here, we have no allegation that Hagan knew of the conveyance from Wells to Steinman at the time he brought suit to enforce his vendor's lien; and the law devolved no duty upon him to search the records in quest of derivative purchasers from Wells. On the other hand, Steinman had constructive notice that Wells was not the holder of the legal title; and he was, therefore, informed that any interest which he might acquire from that source would be taken in subordination to the superior rights of the owner of the legal title. With respect to such owner, he was a mere intruder, and as against the paramount title the deed from his vendor invested him with no estate, either legal or equitable. Upon this principle is founded the general doctrine, that in suits of this character the only necessary parties are parties to the contract.

The rule is thus stated in Story's Eq. Pleading (10th ed.), secs. 226-226b: "In the first place (as we have seen), the rule as to necessary parties does not extend to all persons who may be consequentially interested, or affected by the suit; * . * * So, in the case of a common bill for the specific performance of a contract of sale of real estate, the only proper parties in general are the parties to the contract itself. Special cases may indeed exist, in which the rule may be otherwise; but they stand upon their own peculiar grounds."

Waterman on Specific Performance, at sec. 59, states the rule as follows: "Sub-Purchaser Not to be Made a Party:—A purchaser from the vendee is not as a rule a proper party to a bill filed by the vendor; nor the original purchaser, when his vendee has been accepted in his place by the vendor. Where a suit was brought by the vendor against both the purchaser and the sub-purchaser, it was dismissed by the vice chancellor as against the latter, though specific performance was decreed against the original contractor, and the case was affirmed on appeal."

To the same effect is Frye on Specific Performance, sec. 140: "The general rule with regard to suits to enforce contracts was, that the parties to the contract, or their representatives, were the necessary and sufficient parties to the suit—that all the parties to the contract should be parties to the suit and no one else. The contract is what constitutes the rights and regulates the liabilities of the parties. In a stranger there is no liability; and against him, therefore, there was no more right to enforce specific performance in equity than to recover damages at law." See also, 20 Am. & Eng. Enc. Pl. & Pr., 414; *Willard* v. *Tayloe,* 8 Wall., 557, 19 L. Ed. 501.

The effect of the outstanding legal title was to admonish Steinman, that what was actually done in the suit against his vendor might lawfully be done, and that he, although not a party, would be concluded by the proceeding. He dealt with the property with open eyes, and must abide the consequences of his own imprudence. Devlin on Deeds, sec. 711.

We find no error in the decree of the circuit court, and it is affirmed.

*Affirmed.*