# Richmond

## Edna E. Petrus v. Charles Robbins.

March 15, 1954.

Record No. 4178.

Present, Hudgins, C.J., and Eggleston, Spratley, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Louis Koutoulakos* and *Paul Varoutsos,* for the plaintiff in error.

*Boothe, Dudley, Koontz & Boothe,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On February 15, 1952, an automobile operated by Edna E. Petrus, appellant, and owned by her husband, came into collision with another automobile operated by Charles Robbins, appellee. Both automobiles were damaged and Mrs. Petrus suffered personal injuries.

On June 4, 1952, prior to the institution of this proceeding, Robbins sued Mrs. Petrus in the Civil and Police Court of the City of Alexandria, Virginia, for damages to his automobile amounting to $252.90, alleged to have been sustained in the above accident. The case was set for trial on July 3rd.

On June 30, 1952, Mrs. Petrus and her husband, Michael Petrus, instituted the present proceeding against Robbins by notice of motion for judgment in the Corporation Court of the City of Alexandria for damages arising out of the same accident. Process consisting of a copy of the notice was mailed to Robbins, a non-resident, on July 2, 1952, by the Commissioner of the Division of Motor Vehicles of the Commonwealth of Virginia. Mrs. Petrus alleged damages in the sum of $20,000, which included both personal injuries and property damage, the latter being set at $207.70. On July 2, 1952, the same day that the notice of motion was mailed to Robbins, Mrs. Petrus filed a written answer and counterclaim in the suit pending against her in the Civil and Police Court, in which she denied negligence on her part, and asked for judgment against Robbins in the sum of

$307.79 "for damage done to her vehicle and for loss of use."

On July 3, 1952, the action in the Civil and Police Court was heard. Mrs. Petrus admitted that she was not the owner of the automobile operated by her. She offered no proof of damages suffered by loss of its use. Robbins, therefore, moved that her counterclaim be dismissed. No ruling was made on the motion and the trial continued without any evidence being offered as to the amount of the damages to the automobile operated by Mrs. Petrus. At the conclusion of the hearing, the Civil and Police Justice announced that he thought both parties were negligent, and would "deny judgment for the plaintiff and deny the counterclaim." He thereupon endorsed the counterclaim as "Denied," dismissed the proceeding, and entered judgment on the warrant in favor of the defendant. There was no appeal from the decision of the Justice, and the judgment became final.

On July 18, 1952, Robbins filed in the proceeding in the Corporation Court a motion for a bill of particulars. On August 7, 1952, a bill of particulars was filed setting out that Michael Petrus claimed damage to his automobile in the sum of $207.70, and that Mrs. Petrus claimed damages for her personal injuries in the sum of $19,700. The bill further stated that Michael Petrus was the owner of the automobile at the time of the accident, and that Mrs. Petrus operated it as a "gratuitous bailee."

On August 12th, Robbins filed a plea of *res judicata* and estoppel in the second suit. The plea set out the judgment of the Civil and Police Court, and averred that the finding of the Civil and Police Court Justice that both parties were guilty of negligence was binding on the plaintiffs in the second proceeding. Thereafter, on September 15th, an amended motion for judgment was filed, which dropped Michael Petrus as a party plaintiff and made no reference to property damage. While no action was taken by the court

towards filing the amended motion, it appears from the proceedings that it was treated as duly filed.

Mrs. Petrus was represented by the same attorney in each of the two proceedings, and so was Robbins. When the first case was tried no mention was made of the case which had been instituted in the Corporation Court. No attempt was made to obtain a continuance, or to remove it to a higher court, nor was there objection to a trial on the merits.

A certified copy of the proceedings in the Civil and Police Court, and a transcript of the testimony there taken, were presented in evidence without objection, upon the hearing of the second case in the Corporation Court. Upon consideration thereof, the trial judge sustained the plea of *res judicata* and estoppel, and dismissed the second proceeding.

The questions presented are interesting and important. An extended search of the authorities has not produced one that is exactly in point.

Appellant contends that the judgment of the Civil and Police Court is not binding on her because a necessary party, the real person in interest as to property damage to the automobile operated by her, was not before that court; that the judgment was not rendered by a court of record; that the amount of the damages claimed for her personal injuries could not be determined in the lower court, because they exceeded its jurisdictional limit; and that she had a distinct and separate cause of action for the injuries to her person.

Appellee contends that the finding of the Justice of the Civil and Police Court that Mrs. Petrus was guilty of negligence is binding upon her and operates as an estoppel to bar her from a recovery in the second suit. He relies upon the principles stated in *Virginia Ry. Co.* v. *Leland,* 143 Va. 920, 129 S. E. 700, and *Eagle etc., Ins. Co.* v. *Heller,* 149 Va. 82, 140 S. E. 314. He requests us to overrule *Carter* v. *Hinkle,* 189 Va. 1, 52 S. E. (2d) 135.

Much confusion of thought and expression has resulted from the attempt to distinguish between judgment as a bar to a cause of action and as an estoppel as to a particular

fact. The cases are legion, and both the courts and the text-writers have used the terms *"res judicata,"* "estoppel by verdict," and "estoppel by judgment" so interchangeably as to present an irreconcilable conflict. They are often employed indiscriminately whether to describe the effect of a judgment as an absolute bar of a cause of action or its effect to preclude the further litigation of some fact determined in a former action between the parties on a different cause of action. 50 C. J. S., Judgments, § 593, pages 13 *et seq.;* 30 Am. Jur., Judgments, § 167, page 912; Burks Pleading and Practice, 4th Ed., Judgments, § 357, page 672, *et seq.;* Annotation 88 A. L. R., page 574.

In Burks Pleading and Practice, 4th Ed., Judgments, §357, page 673, we find the following:

"Briefly stated, and consciously ignoring many of its refinements, the doctrine of res adjudicata postulates that in any action, a former final judgment on the merits rendered by a court of competent jurisdiction over the subject matter and the parties in a previous action between the same parties and upon the same claim or cause of action, may be pleaded in absolute bar of such second action."

There are four fixed requirements precedent to the application of the doctrine: "(1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." *Collins* v. *Treat,* 108 W. Va. 443, 152 S. E. 205.

In *Eagle, etc. Ins. Co.* v. *Heller, supra,* at page 99, we said that "Where there has been litigation which has in fact determined the point in the controversy, and there has been a final judgment, the judgment is conclusive. Where the subject matter is identical and the evidence is of necessity the same, the question cannot be reopened."

It is essential in a plea of estoppel by judgment or verdict that the identical question upon which it is invoked was in issue in the former proceeding. *C. & O. Ry. Co.* v. *Rison,* 99 Va. 18, 39, 37 S. E. 320.

See also *Shumate* v. *Supervisors*, 84 Va. 574, 5 S. E. 570; *Sawyer* v. *City of Norfolk*, 136 Va. 66, 116 S. E. 245.

"To render the judgment or decree conclusive it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined, that is, that the verdict could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter." *Withers* v. *Sims*, 80 Va. 651.

"Facts found which were not necessary to uphold a former judgment do not conclude the parties. Although a decree in express terms professes to affirm a particular fact, yet if such fact were immaterial, and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact." *Talbot* v. *Power Co.*, 152 Va. 864, 866, 148 S. E. 869.

In *Harris* v. *Sparrow*, 146 Va. 747, 132 S. E. 694, we said that a judgment in a former suit between the same parties, but on a different cause of action, only estops the parties as to matters actually put in issue and adjudicated in the former suit.

In 30 Am. Jur., Judgments, § 180, page 925, this is said:

"The rule granting conclusiveness to a judgment in regard to issues of fact which would properly have been determined in the action is limited to cases involving the same cause of action. Where a second action is upon a different claim, demand, or cause of action, the established rule is that the judgment in the first action operates as an estoppel only as to the points or questions actually litigated and determined, and not as to matters not litigated in the former action, even though such matters might properly have been determined therein. Accordingly, before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action. These rules prevail whether the judg-

ment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive per se."

To the same effect see 50 C. J. S., Judgments, § 728, page 216 *et seq.*; § 731, page 222.

"General expressions in an opinion which are not essential to the disposition of the case cannot control the judgment in subsequent suits; nor does a remark made obiter or arguendo operate as an estoppel on the point adverted to." 50 C. J. S., Judgments, § 726, page 215.

See also *Steam Packet Co.* v. *Sickles*, 72 U. S. (5 Wall.) 580, 18 L. ed. 550; *Perdue* v. *Ward*, 88 W. Va. 371, 106 S. E. 874.

The identity of the parties, as well as the identity of the cause of action, may be proved by parol or extrinsic evidence. 50 C. J. S., Judgments, § 843, page 415, and § 844, page 418; 30 Am. Jur., Judgments, § 285, page 999; Vol. 4 Digest of Va. & W. Va. Reports, Michie, Former Adjudication or Res Adjudicata, § 58, page 941; 8 M. J., Former Adjudication or Res Adjudicata, § 52, page 627, *et seq.*; Freeman on Judgments, 5th Ed., § 765, page 1621.

■ The doctrine of *res judicata* applies to a judgment of a court of inferior or limited jurisdiction, as well as to a court of record of general jurisdiction, provided it had jurisdiction of the parties and of the cause of action. The test is not the dignity or grade of the court; but whether it had jurisdiction of the parties and of the cause of action. *Withers* v. *Sims, supra,* page 658; 8 M. J., Former Adjudication or Res Adjudicata, sec. 81, page 657; 30 Am. Jur., Judgments, sec. 163, page 909; 50 C. J. S., Judgments, sec. 604, page 28.

In *Carter* v. *Hinkle, supra,* a taxicab owned and driven by Hinkle was involved in a collision with an automobile owned by Thomas W. Smith, Jr., and operated by his agent, Carter. Hinkle sued Smith in a trial justice court for property damage amounting to $1,000, and recovered a judgment in that amount. The judgment was paid and satisfied. Subsequently Hinkle brought a second action

against Carter and Smith, seeking to recover for personal injuries received by him in the same collision. The defendants pleaded that the judgment and its satisfaction in the first action was a bar to Hinkle's right to bring the second action for personal injuries. The trial court overruled that contention, and a verdict was returned in favor of Hinkle for $1,000. We affirmed the judgment.

However, that case is not in point here. The facts and the pleadings in that case are materially different from those in the case under review. There, Hinkle suffered injuries both to his person and his property and brought separate actions therefor. In the first proceeding, Carter was found guilty of negligence upon a direct and essential issue as to that fact. In the second proceeding, Carter contended that the judgment obtained against him in the first action was a bar to the second. Here, Mrs. Petrus had but one cause of action and, as will be hereinafter shown, it was not necessary that her negligence be determined in the proceeding in the Civil and Police Court. Moreover, she was successful in that court.

In *Virginia Ry. Co.* v. *Leland,* 143 Va. 920, 129 S. E. 700, Leland, Carnohan and Morley were partners in a trucking business. One of their trucks was involved in a collision while it was being driven for partnership business by Carnohan, with Leland riding as a passenger. The partnership sued the railway company for damages to their truck, and about the same time Leland sued the same defendant for personal injuries received in the collision. The property damage suit was tried first and resulted in a judgment for the railway company. The railway company then filed a plea of *res judicata* in the personal injury suit filed by Leland. The plea was overruled by the trial court; but upon appeal this court reversed the decision, and held that the judgment entered in the property damage suit was binding upon any and all of the parties in any other litigation arising out of the same accident. The issue of negligence as to Leland was a necessary and essential issue in the first pro-

ceeding between the parties upon the same matter directly in question in the second suit.

This brings us to a consideration of the facts in the instant case viewed in the light of the rules and principles stated.

Michael Petrus, owner of the automobile operated by Mrs. Petrus, was not a necessary party to the action brought against Mrs. Petrus. Not being a party, he could not assert a counterclaim therein, and the merits of any claim he might have had to property damage were not in issue. The Justice of the Civil and Police Court should have dismissed the counterclaim of Mrs. Petrus, since there was no necessity for him to give it any consideration. She had no cause of action for damages to the automobile either in that court or in the Corporation Court. Her claim was not susceptible of proof, and did not present any issue subject to adjudication.

For the reasons stated, we are of opinion to reverse the judgment of the trial court, sustaining the plea of the appellee, and to remand the case for trial in the lower court.

*Reversed and remanded.*