## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Timlaph Corp.

v.

Coca-Cola Co.

May 19, 1965

Case No. A-7409

BY JUDGE ALEX H. SANDS, JR.

This case is before the Court upon defendant's plea of res adjudicata and estoppel by record.

On September 18, 1961, a vehicle owned by plaintiff, The Timlaph Corporation, hereinafter called "plaintiff" and driven by its agent Weeks, was in collision, on U.S. Route 60, near Buena Vista, Virginia, with a vehicle owned by defendant Coca-Cola Company, hereinafter referred to as "defendant," and driven by its agent Keenan. Agency between the owners and drivers of the respective vehicles at the time of collision appears admitted.

Weeks instituted suit against defendant and its driver, Keenan, Jr., in Hustings Court, Part II, City of Richmond, seeking damages for injuries sustained. A jury verdict resulted in favor of both defendants and judgment thereon is now final.

Weeks applied for and received, under the Virginia Workmen's Compensation Act, an award against his employer, Timlaph or its carrier, as a result of injuries sustained in the accident.

Defendant has objected to interrogatories directed at developing these two situations upon the ground that neither the Hustings Court suit nor the Industrial Commission award was relevant to the issues in the case at bar, upon the plea before the Court.

The Timlaph Corporation then instituted the suit at bar against the defendant, Coca-Cola Company, in an effort to recover property damage to its tractor trailer resulting from the collision in question.

To the motion for judgment in this action defendant has filed its grounds of defense and a plea in res adjudicata and estoppel by record, such plea being now before the Court for disposition.

While there appears to be a distinction between the doctrine of res adjudicata and estoppel by record[1] (or estoppel by judgment) in that the former contemplates a bar to the maintenance of the suit in toto while the latter contemplates a bar to the relitigating of a particular issue in an action, the end result of the application of either doctrine to the case at bar would be the same for the only issue involved in *Weeks* v. *Coca-Cola, etc.*, was the negligence or lack of negligence of Keenan, the Coca-Cola driver, and if relitigating of the negligence issue is barred then this action, as instituted, must fall.

The precise point here in issue does not appear to have come directly under review by the Virginia Supreme Court of Appeals but certain principles which have direct bearing upon the plea now before the Court have been adjudicated by our Supreme Court. These will be briefly reviewed as stepping stones from which we can reach the ultimate issue up for decision.

The theory upon which the concept of estoppel by judgment proceeds is that a *fact* necessarily involved in an issue, on which there has been a judgment, is thereby conclusively settled in any suit thereafter between the same parties or their privies. This is the generally accepted criterion for determining whether or not the doctrine applies to a given issue in a given case. Both the doctrine and this criterion are accepted in Virginia. *See Patterson* v. *Saunders*, 194 Va. 607, 612 (1953). There must, however, be an identity of issues in the litigated case and that in which the doctrine is relied upon. Nor is it enough that the determinative issue in the second case is one of two or more issues in the former case upon either of which the jury may or may not have decided the former case. *Chakales* v. *Djiovanides*, 161 Va. 48 (1933).

The case of *Carter* v. *Hinkle*, 189 Va. 1 (1949), is sometimes misinterpreted as affecting the doctrine of estoppel by judgment. This is not true. In that case Hinkle collided with a vehicle owned by Smith and driven by Carter, his agent. Hinkle sued Smith for property damage and recovered. He then sued Smith and Carter for personal injuries. It was Carter and Smith who contended that the first action barred the second, but obviously

---

[1] For a discussion of the differences, see Virginia Ry. Co. v. Leland, 143 Va. 920 (1925), and Petrus v. Robbins (first hearing), 195 Va. 861 (1954).

this contention was not based upon the conclusiveness of the issue of negligence in the first action for that issue had been determined *against Smith*. What they urged was that Hinkle could not split his cause of action and that his suit for property damage which went to conclusion exhausted his right of action. The Court of Appeals held that it did not.

The Court in *Petrus* v. *Robbins*, 196 Va. 322, 332-33 (1954), makes it abundantly clear that the *Hinkle* case was not in any way concerned with the doctrine of estoppel by judgment or of res adjudicata.

Returning to the case at bar, the only issue, aside from that of damages involved in *Weeks* v. *Coca Cola Co. and Keenan* was that concerning the negligence of the driver, Keenan. The issue of damages is a secondary issue not related to the liability aspect of the case. *See Petrus* v. *Robbins, supra*, at page 331, approving *Nardolillo* v. *Carroll* (R.I.), 37 A.2d 659, and *Freitag* v. *Renshaw* (N.J.), 157 A. 455. Plaintiff's contention that the verdict could have been predicated upon the absence of injury sustained is deemed to be without merit in view of the medical testimony in the prior trial. The verdict of the jury in favor of the defendants and judgment thereon constituted a final adjudication that Keenan, and therefore, his principal, Coca-Cola Co., was free of any negligence causing or efficiently contributing to cause, the collision. This will be the identical issue which will control the case at bar.

That the issue of the defendants' freedom from negligence would be conclusively established by the former suit in an action brought now by Weeks to recover property damage (if we assume that he had owned the vehicle he was driving at the time) has been made crystal clear in *Petrus* v. *Robbins, supra*, see also *Va. Railway & Power Co.* v. *Leland*, 143 Va. 920 (1925). The real question, therefore, before the Court is whether there was such privity between plaintiff and its driver Weeks upon the occasion of the accident as to make the estoppel which would preclude Weeks from relitigating the issue of Keenan's negligence binding also upon plaintiff.

That such estoppel is binding not only upon the parties to the former suit but also upon their privies is well established generally and in this jurisdiction, see *C. & O. Ry.* v. *Rison*, 99 Va. 18 (1900); *Patterson* v. *Saunders, et al.*, 194 Va. 607 (1953). Was plaintiff such privy of plaintiff?

Defendant first urges that privity necessary for the application of the doctrine of estoppel by judgment is supplied by the master and servant relationship existing between Timlaph and Weeks at the time of the accident. The general rule upon this point is thus stated in 1 Freeman on Judgments, at page 1029:

Agents and principal, including of course, masters and servants, do not, as such, have any mutual or successive relationship to rights of property. *They are not in privity with each other.* Consequently the principal or master is not bound by the judgment obtained in an action by or against the agent or servant . . . unless one is claiming through or under the other so as to create a privity of estate. (See also Black on Judgments, 2d ed., vol. II, sec. 579.) (Emphasis added.)

This rule has always been followed in Virginia. *See City of Richmond* v. *Davis*, 135 Va. 319 at page 323 (1923). The exception to the rule is where the agent or servant is acting for his principal and master and within the scope of his authority *in bringing the prior suit* sought to be set up as estoppel, in a later suit, against the master. *Idem.*

This is clearly not the situation we have here for Weeks brought the prior suit not on behalf of, or for, Timlaph, but for recovery of damages for his own injury. (Whether the Workmen's Compensation issue changes this will be later considered.)

*Petrus* v. *Robbins*, 195 Va. 861 (1954), and rehearing in 196 Va. 332 (1954), relied upon by defendants has no bearing upon the point here under consideration, i.e., privity as between principal and agent. A car driven by Mrs. Petrus collided with one driven by Robbins resulting in property damage to both vehicles and personal injury to Mrs. Petrus. Robbins sued Mrs. Petrus in Civil and Police Justice Court for property damage to his vehicle. Mrs. Petrus counterclaimed for damage to the vehicle she was driving and loss of use. During the trial it developed that *Mr.* Petrus owned the vehicle driven by Mrs. Petrus. Robbins thereupon moved to dismiss the counterclaim upon the ground that Mrs. Petrus had no interest in and could not, therefore, counterclaim for damages to the car. No mention of bailment was suggested by anyone. The motion to dismiss was not acted on by the judge and at the conclusion of the case he "denied" both the original and counterclaim upon the stated grounds that both Robbins and Mrs. Petrus were negligent. This judgment was not appealed and became final. In the meanwhile Mrs. Petrus had filed suit in the Corporation Court against Robbins for personal injuries. Robbins interposed a plea of res adjudicata and estoppel of record based upon the judgment of the Civil and Police Court which was sustained by the trial court and Mrs. Petrus appealed. *It will be noted at this point that Mrs. Petrus was a party to both proceedings so that no question of PRIVITY was involved.* The issue (and so stated by the Court of Appeals) was whether the determina-

tion of the issue of Mrs. Petrus's negligence was *necessary* to the Civil and Police Court judgment. The Supreme Court reversed, holding that since Mrs. Petrus did not own the car that her counterclaim for car damage was not properly before the Civil and Police Court and that therefore a finding of negligence upon her part *was not necessary* to the decision since the finding that Robbins was negligent disposed of the case. Upon rehearing, however, the Supreme Court considered (for the first time) the question of bailment, held that Mrs. Petrus *was* a bailee and that therefore as bailee her counterclaim *was* properly before the Civil and Police Court (upon the authority of *Harris* v. *Howerton*, 169 Va. 647 (1938)) and that the issue of her negligence *was* necessary to the judge's disposition of the counterclaim. Upon this basis the Supreme Court, upon rehearing, reversed itself and affirmed the action of the judge of the Corporation Court in sustaining the plea of res adjudicata and estoppel by record.

Although the holding in *Petrus* has no bearing upon the question of privity this statement of the Court of Appeals in the first case (predicated upon the absence of bailment) though dicta, is quite pertinent to the question here under consideration:

> Michael Petrus, owner of the automobile operated by Mrs. Petrus, was not a necessary party to the action brought against Mrs. Petrus. (The Civil and Police Court suit). Not being a party, he could not assert a counterclaim therein, *and the merits of any claim he might have had to property damage were not in issue*. (Emphasis added.)

So in the case at bar, Timlaph was not a necessary party to Weeks's action, was not a proper party to the suit and its claim for property damage could not have been asserted in that suit and was not an issue in that suit.

### Was any interest of Timlaph litigated in the Weeks suit?

Defendant further contends that Workmen's Compensation having been paid to Weeks on behalf of Timlaph that Timlaph had a financial interest in the outcome of that suit and, therefore, was a "person identified in interest" with Weeks in contemplation of *Ward* v. *Charlton*, 177 Va. 101 (1941). Whether this would be a sound contention had Timlaph been self insured is a moot question in the case at bar, for here Timlaph's insurer, not Timlaph, made these payments and by virtue of Code § 65-108 became the owner of any interest which might otherwise have accrued to

Timlaph upon payments under the award of the Industrial Commission. Timlaph had no interest in Weeks's right of action against defendant, could not have participated in Weeks's action had it desired so to do, and had no method by which it could have litigated its interests in that suit.

To sustain defendant's plea would, in effect, interpose as a bar to plaintiff's claim a judgment in an action to which plaintiff was not a party, had no interest direct or derivative, and in which it was not represented. The end result would be that there would not now be, nor at any time in the past have been, any means by which plaintiff could get its claim before the Court. Plaintiff has not had its day in Court.

For the above reasons defendant's plea of res adjudicata and estoppel by record will be overruled.