## CIRCUIT COURT OF FAIRFAX COUNTY

John Osipchak et al.

v.

Brevon Developers, Inc.

July 11, 1988

Case No. (Chancery) 101630

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on petitioners' Motion for entry of a final decree. At trial on November 17, 1987, this Court held, *inter alia*, that the petitioners were entitled to specific performance of the contract with Brevon Developers for real property located at Oakmont Subdivision, Fairfax. The respondent, Brevon Developers, objects to the entry of the final decree claiming that petitioners failed to join the trustees, William P. Diloreta and David W. Ralston, and the lender, Shenandoah Federal Savings Bank (Shenandoah), both necessary parties to this action. The respondents never raised this point at trial but waited until presentation of a final decree.

Brevon is the current fee owner and developer of real property located in Oakmont Subdivision. Brevon obtained an acquisition and development loan from Shenandoah to purchase the property and finance the residential development project. As additional security for the acquisition loan, Brevon assigned to Shenandoah all rights under the contracts which Brevon entered into, including the petitioners. Neither Shenandoah nor the trustees were parties to the residential lot contracts nor were they intended to be parties to those contracts. Shenandoah's interests in the individual lots resulted solely from the assignment of contracts between Brevon and subsequent

residential purchasers. Since the petitioners and Brevon were the sole parties to the lot contract, they are the only necessary parties to a suit for specific performance of that contract. *See*, *Steinman v. Hagan, et al.*, 108 Va. 563 (1908).

The Supreme Court of Virginia has recently held that beneficiaries and trustees of a deed of trust are necessary parties to an action affecting their property. *Walt Robbins, Inc. v. Damon Corp., et al.*, 232 Va. 43 (1986). Shenandoah and the trustees must be added as parties before any property in which they may have an interest is conveyed. However, the addition of these new parties does not affect the issue of specific performance which has been previously litigated by the proper parties, Brevon and the petitioners. The Court's ruling that the contract be specifically performed remains in effect and is binding on all parties which may become involved in the current litigation. The doctrine of collateral estoppel precludes subsequent litigation on identical issues actually and necessarily litigated. *Petrus v. Robbins*, 195 Va. 861 (1954).

The Court will allow petitioners twenty-one days to amend the pleadings to add Shenandoah and the trustees as necessary parties pursuant to Rule 1:8 of the Rules of the Supreme Court. *See also*, Va. Code § 8.01-5(A). An additional hearing is necessary in order to determine the interests of Shenandoah and the trustees in the property prior to transfer to the petitioners.