## CIRCUIT COURT OF ROCKINGHAM COUNTY

Keith W. Lohr
and Lisa R. Lohr

    v.

J. D. McCurdy, Jr.,
t/a J. D. McCurdy
Insurance Agency

June 22, 2000

Case No. (Law) CL00-11994

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on Defendant's Plea of Collateral Estoppel and Res Judicata. The procedural history of the cases involving these parties is somewhat complicated.

In May 1998, Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide") filed a motion for Declaratory Judgment against Keith and Lisa Lohr and Black Diamond Savings Bank (Rockingham County Circuit Court, In Chancery No. 16822). This motion was based on an insurance policy issued by Nationwide through its agent, J. D. McCurdy, for the home belonging to the Lohrs. After a fire damaged the Lohrs' home, Nationwide refused to pay the insurance claim due to what they alleged were breaches of the terms and conditions of the policy by the Lohrs and material misrepresentations made by the Lohrs on their application for the insurance. Specifically, the motion asked the court to find that (1) Nationwide's denial of the claim as a result of the Lohrs' breaching the terms and conditions of the policy was appropriate; and (2) Nationwide's voiding of the policy from its inception based upon the Lohrs' misrepresentation of material facts in the application for insurance was appropriate. On July 1, 1998, the motion against Black Diamond Savings Bank was dismissed with prejudice upon the motion of the Plaintiff stating that no controversy existed between them and Black Diamond Savings Bank.

On June 4, 1998, Keith and Lisa Lohr filed a Motion for Judgment against Nationwide seeking payment by Nationwide for damages to their home and personal property in accordance with the terms of their insurance policy (Rockingham County Circuit Court, At Law No. 11382).

On September 8, 1998, the Court consolidated the cases for trial, ruling that the chancery issue would be tried first, and then, depending upon the finding of the court on that issue, the law issue would or would not follow. The court further decided that an issue out of chancery would be presented to the jury for the resolution of a factual issue. The question presented to the jury was "Do you, the jury, find that Lisa Lohr made material misrepresentations in her application for insurance?" To which, the jury answered "yes." Moreover, jury instruction number three stated:

> If an insurance company clearly proved that an answer in the application was false, then there is a presumption that the insured knew the answer was false and the burden shifts to the insured to come forward with the evidence to prove that the answer was truthfully given by him and falsely recorded by the agent.

This instruction was from Model Jury Instruction 47.210.

Acknowledging that the decision by the jury was only advisory, and thus, not binding on the court (see *Angstadt v. Atlantic Mut. Ins. Co.* 254 Va. 286 (1997)), the Court nonetheless found that Lisa Lohr made material misrepresentations in the application for insurance with Nationwide Mutual Fire Insurance Company, and as a result, Nationwide "rightfully voided the policy from its inception." (See Declaratory Judgment Order, April 5, 1999.) As a result of the Court's decision, on 5th of April 1999, the Lohr's nonsuited their case against Nationwide.

Keith and Lisa Lohr have now filed a motion for Judgment against J. D. McCurdy, Jr., the agent that sold them the Nationwide policy, seeking damages and compensation due under the Nationwide Insurance Policy. It is in response to this motion that McCurdy has filed the plea of res judicata and collateral estoppel.

*Black's Law Dictionary* defines "res judicata" as the "rule that a final judgment entered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. . . ." *Black's Law Dictionary*, 6th ed., 1305; *see e.g. Petrus v. Robbins*, 195 Va. 861 (1954); *Bates v. Devers*, 214 Va. 667 (1974). A party seeking to utilize res judicata as a defense must establish four

elements: "(1) identity of the remedies sought; (2) identity of the cause of action (3) identity of the parties; and (4) identity of the equality of the persons for or against whom the claim is made." *Commonwealth ex rel. Gray v. Johnson*, 7 Va. App. 614, 618 (1989). Res judicata bars the litigation of "the same cause of action, or any part thereof which *could have been* litigated between the same parties and their privies." *Id.* (emphasis added).

One of the most important elements to res judicata is the identity of the parties; the present suit must involve the same parties *or their privies* in order for the doctrine to act as a bar. A privy, as defined by *Black's Law Dictionary* is one who is "in privity with another," or one who has "such an identification of interest . . . with another as to represent the same legal right." *Black's Law Dictionary*, 6th ed., 1199, 1200; *see e.g. Kesler v. Fentress*, 223 Va. 14 (1982). The Virginia Supreme Court has stated:

> There is no fixed definition of privity that automatically can be applied in all cases involving res judicata issues. While privity generally involves a party so identified in interest with another that he represents the same legal right, a determination of just who are privies requires a careful examination of the circumstances of each case.

*Nero v. Ferris*, 222 Va. 807, 813 (1981).

In the case at hand, J. D. McCurdy was acting as an agent for Nationwide. His acts that are relevant to the case at hand were on behalf of Nationwide; the insurance policy the Lohrs bought with the help of McCurdy was a Nationwide policy, to be paid by Nationwide. As an agent for Nationwide, McCurdy's acts bound Nationwide to this policy. *See State Farm Mut. Auto. Ins. Co. v. Miller*, 194 Va. 589 (1953). Therefore, it cannot reasonably be said that McCurdy and Nationwide did not "represent the same legal right." As such, it can then be concluded that McCurdy and Nationwide are privies, thus fulfilling that element of res judicata.

The other elements of res judicata are clearly present in this case also. The Lohrs, in their new action, are seeking the same remedy they were seeking in their previous case against Nationwide: payment of the amount of money allegedly owed under the policy. Furthermore, determination of the outcome of this case will rest upon the very issue decided in the previous case by the jury, that is, whether or not Lisa Lohr made material misrepresentations in her application. The jury in the previous case answered that "yes" Lisa Lohr made such material misrepresentations. Considering this, the court also found that to be true and consequently found that Nationwide acted properly in deciding that the policy was void from its inception. The remedies requested in the

present suit cannot be awarded unless the court were to find differently than it found in the first suit, therefore the plea of res judicata is valid.

Even if this court were to find that Nationwide and McCurdy were not in privity with each other, the doctrine of collateral estoppel would still act to bar this claim. Defining the doctrine of "defensive collateral estoppel," *Black's Law Dictionary* states that "defensive collateral estoppel" is estoppel "which prevents relitigation by plaintiff of issues previously lost against another defendant." *Black's Law Dictionary*, 6th ed., 261-62; *see also Moore v. Allied Chem. Corp.*, 480 F. Supp. 377 (E.D. Va. 1979) (applying Virginia law and citing *Bates v. Devers*, 214 Va. 667, n. 7 (1974)). As stated earlier, this Court has previously decided the issue the plaintiffs are seeking to litigate in this case. The Court found against Plaintiffs and now they are seeking to relitigate the issue by substituting the agent for the company. The well-established law of this Commonwealth does not allow for such relitigation. Therefore, this Court finds that the Plaintiffs' case is barred under the doctrines of res judicata and collateral estoppel.

The Clerk of the Court is directed to send certified copies of this order to Terry L. Armentrout, Esq., Counsel for Plaintiffs, and James R. Kearney, Esq., Counsel for Defendant.