UNION PACIFIC RAILROAD COMPANY V. PETER C. MEYER.

FILED MAY 3, 1906.  No. 14,265.

1. **Evidence** examined, and *held* sufficient to sustain the verdict.

2. **Refusal to Instruct:** REVIEW. This court is not bound to review the action of the trial court in refusing to instruct the jury as requested, when no exception is taken to such refusal.

3. **Action:** PARTIES. A bailee of property having an interest therein under express contract may maintain an action to recover the value thereof against one through whose negligence or failure of duty it is lost.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John N. Baldwin, Edson Rich* and *John A. Sheean,* for plaintiff in error.

*Warrington & Stewart* and *H. M. Sinclair, contra.*

EPPERSON, C.

The plaintiff recovered judgment in the district court for Dawson county for the killing of ten head of cattle. Plaintiff was the owner of part and bailee of part of the cattle in controversy, and also of other cattle, which were, on the morning of the accident, confined in a pasture adjoining the railroad right of way. On July 11, 1903, an unusual wind, rain and hail-storm drove the cattle through the fence onto the defendant's right of way. Plaintiff alleges that the employees of defendant negligently ran one of its trains upon the cattle, killing seven head owned by plaintiff and three head in his custody as bailee. Plaintiff had judgment, and the defendant prosecutes error to this court.

1. The first point for determination is whether the evidence is sufficient to sustain the verdict. The proof discloses that the east-bound train of the defendant, which killed the cattle, was running 45 or 50 miles an hour; that the track was straight for at least two miles west of the place of the killing, and that on a clear day the engineer could have seen the cattle in time to have stopped the train and prevented the damage. There was a conflict in the evidence as to the condition of the weather at the time of the accident. Witnesses called by plaintiff testified that the storm was of short duration; that immediately after, and while defendant's train was four miles west of the place of the accident, the rain and hail had ceased, the sun came out and the day was clear. Defendant's witnesses testified that it was yet raining at the time of the accident, and that the rain, striking the engine, produced steam, which clouded the lookout window of the engine cab, whereby the engineer in charge of the train was unable to discover the cattle upon the track until within 200 feet thereof. If the plaintiff's evidence was true, the defendant's employees were negligent as alleged in the petition, unless other duties demanded their attention at that particular time. Defendant contends that such was the case; that by reason of other duties the defendant's engineer could not sooner have discovered the cattle on the track. The evidence shows that he was employed with no particular duty at that time other than clearing the front window of his cab that he might better observe the track in front of him. This question was submitted to the jury by an instruction of the court upon its own motion. The matters complained of clearly show an issue of fact, the determination of which was for the jury.

Defendant further contends that the plaintiff was guilty of contributory negligence in that he failed to use diligence in protecting his property. The cattle divided into two herds upon defendant's right of way. Immediately following the storm, plaintiff started from his home, hastened to defendant's right of way, and drove therefrom the herd of

cattle nearer the gateway, which had been blown down apparently by the storm. He then hastened toward the other herd, which was about three-quarters of a mile west of the gateway. Before he had gone far, the train reached them and the damage was done. Defendant claims that plaintiff should have brought to his assistance a stranger and his family who were at plaintiff's house, where they had been driven by the storm. The proof fails to disclose that it was within the power of the plaintiff to procure the services of this family, or that with their assistance time was sufficient to permit a rescue; nor is it shown that plaintiff could have reached the more distant herd on the track, had he attempted so to do in the first instance. There was no evidence of contributory negligence.

2. Error is predicated upon the refusal of the trial court to instruct the jury as requested by defendant. An examination of the record discloses that no exceptions were taken to the refusal of the court to give defendant's requested instructions. Hence, under the rule often announced by this court, we cannot review the action of the district court in refusing to instruct the jury at defendant's request. *Holloway v. Schooley,* 27 Neb. 553.

3. One of the instructions refused pertained to the recovery of damages by plaintiff as bailee of the three head of cattle killed, and, as that would affect the question as to the sufficiency of the evidence to entirely support the verdict, we are required to consider the proposition, though not the alleged error as to the instruction. Plaintiff was in possession under a contract with the owner whereby he was entitled to one-half of the offspring of the cattle bailed. This question has not, to our knowledge, been decided by this court; but we believe, while that question has been considered in other courts, it has, without exception, been held that a bailee of property having an interest therein under an express contract may maintain an action for the negligent destruction of the property bailed. In *Chamberlain v. West,* 37 Minn. 54, 33 N. W. 114, it is said: "Nothing is better settled than that, in actions for torts

in the taking or conversion of personal property against a stranger to the title, a bailee, mortgagee, or other special property man is entitled to recover full value, and must account to the general owner for the surplus recovered beyond the value of his own interest; but as against the general owner or one in privity with him he can only recover the value of his special property." See also *Jellett v. St. Paul, M. & M. R. Co.*, 30 Minn. 265; *Russell v. Butterfield*, 21 Wend. (N. Y.) 300; *Mechanics & Traders Bank v. Farmers & Mechanics Nat. Bank*, 60 N. Y. 40; *Atkins v. Moore*, 82 Ill. 240; *Fallon v. Manning*, 35 Mo. 271.

Finding no reversible error in the record, we recommend that the judgment of the trial court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.