## E. E. Walsh, Appellee, v. United States Tent & Awning Company, Appellant.

### Gen. No. 14,990.

1. BAILMENTS—*right of bailee to maintain action for damages.* A bailee may sue and recover the entire damages done to personal property in its possession.

2. ASSUMPSIT—*when lies for money had and received.* If a bailee has sued for and collected the entire damage done to personal property in his possession, the true owner of such property may, by *assumpsit*, recover of such bailee the amount so collected.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

EDWARD R. LITZINGER, for appellant.

McARDLE & McARDLE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This cause was tried under a count for money had and received and the general issue. Another special count and the common counts constituted the declaration filed. The money count declares upon the lease of a certain tent from plaintiff to defendant for use by a customer of defendant's. The tent was sent to Florida, the rental being $75, and was to be returned by freight to Chicago. As an additional rental charge defendant was to store the tent in its Chicago warehouse for

plaintiff until spring. The tent was injured *in transitu* and arrived in Chicago in a damaged condition. Defendant settled with the carrier for the damage by receiving the sum of $375, which plaintiff demanded by that count. On a trial before the court and a jury, the trial judge directed a verdict for the amount claimed and entered a judgment upon the verdict, from which defendant prosecutes this appeal and asks a reversal, contending, in effect, that plaintiff has no right of recovery under the money count for the $375 received from the carrier for damage to the tent during transit from Florida to Chicago.

The difficulty in this case seems to have been created by plaintiff in obstinately refusing to come to a settlement for the damage to his tent suffered by the carrier. He refused every settlement proposed and withheld from defendant his consent to arrange a settlement with the carrier, but in the face of such refusal defendant did settle with the carrier for $375. Walsh refused to accept the $375 in settlement when it was offered to him by defendant, although subsequently he expressed a willingness to do so.

While defendant did not own the tent, it had as lessee such a special property right in it that it might maintain an action in relation to it, either for its possession, if such had been lost, or for any damage to it occasioned by third persons during the existence of such property right. This is not seriously contested by either party. Plaintiff was the general owner of the tent and defendant had but a special property in it during the lease and the time it held it in storage. The damage to the tent, suffered by the carrier, did not affect that special property right for which it was entitled to be compensated. Still in virtue of its special property right it was clothed with authority to maintain an action or receive money in settlement of any damage done to the tent during the continuance of such right. So that in this case it had the right to sue for such damage and to make a binding settle-

ment with the carrier therefor. This being settled, the sole question remaining for solution is, whether plaintiff is entitled to demand and sue for the money received by defendant in settlement with the carrier under the count for money had and received by defendant for the use of plaintiff. Did defendant by operation of law receive the $375 for the use of plaintiff? An action for money had and received is in its essence and nature an equitable action. Vol. 3, Am. & Eng. Ency. Law, 762. We think the principle applicable here is fairly stated in Woodman v. Nottingham, 49 N. H. 387, where the court say: "The defendant being found a *wrong doer,* the plaintiff may be regarded as bailee both of the horses and money, and in that capacity, holding a special property in such chattels, and sufficient to entitle him to recover in his name for the entire injury. A bailee, having a special property, may recover the whole value of the property, holding the value beyond his own interest in *trust* for the general owner, and the judgment recovered by the bailee may be pleaded in bar to any action that might be afterwards brought by the general owner for the same property. 2 Hilliard on Torts, 571; King v. Dunn, 21 Wend. 253; Stanley v. Gaylord, 1 Cush. 536; Sedgw. on Dam. 569; Barron v. Cobleigh, 11 N. H. 560; Littlefield v. Biddeford, 29 Maine, 320."

The direction of the verdict by the trial court was the logical and correct disposition of the case under the conceded facts and the law applicable thereto, and the judgment of the Superior Court is therefore affirmed.

*Affirmed.*