# 𝕸𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

## Minton W. Talbot and Thomas Talbot v. Virginia Electric and Power Company.

June 13, 1929.

. The opinion states the case.

*James G. Martin,* for the plaintiffs in error.

*Venable, Miller, Pilcher & Parsons, T. Justin Moore* and *Archibald G. Robertson,* for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

The defendant claims the northern half of the three acres of land referred to in the case of *Talbot* v. *City of Norfolk, ante,* page 851, 148 S. E. 865, this day decided. The only difference, so far as the contention of the plaintiffs is concerned, grows out of these circumstances: In the chain of title there is a deed from the Consolidated Turnpike Company to Bay Shore Terminal Company, dated March 1, 1902, and this deed conveying this property recites that it is free of incumbrances, "except such rights of reversion as the owners of any part of said lands acquired in condemnation proceedings or otherwise may have." On March 3, 1906, the receivers of the Bay Shore Terminal Company, under appointment of the Circuit Court of the United States for the Eastern District of Virginia, filed a petition for condemnation in order to clear the title, in which Minton W. Talbot and Thomas Talbot, plaintiffs here, and a number of others, are made parties defendant. In the report of the commissioners, referring to this property, this is said: "We have not passed upon the value of the reversionary interest in tract No. 2, as to

which Diana Talbot, Mary T. Ruffin, Elizabeth W. Talbot, Minton W. Talbot and Thomas Talbot were summoned in these proceedings, because the said interest therein is not to be taken from them or any of them, under the order of the court herein." This report was confirmed, and the decree showed that in estimating the value of the property the value of this reversionary interest which is claimed was not condemned. The report of the master commissioner has this: "It is therefore perfectly clear that this reversionary interest has never been condemned, and the Norfolk and Ocean View Railway Company holds this land subject to the provisions contained in the deed dated May 15, 1851, from William H. Talbot to Indian Poll Draw Bridge Company." It is claimed that this makes the question *res judicata* in favor of the plaintiffs.

■ The rule, so far as it affects this case, is thus stated in 15 R. C. L., section 453, page 980: "In order that a judgment may operate as *res adjudicata* and be conclusive evidence of a fact sought to be established by it, it must be made to appear that the same fact not only was in issue and determined in the former suit, but that it was a material fact therein. Facts found which were not necessary to uphold a former judgment do not conclude the parties. Although a decree in express terms professes to affirm a particular fact, yet if such fact was immaterial, and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact."

■ We think it only necessary to say as to this claim of *res judicata* that the questions here involved were neither raised nor litigated in the case referred to. All that the court decided, or intended to decide, in that case was that such reversionary rights as the Talbot

devisees might at that time have in the property condemned were not to be prejudiced by those proceedings. Such rights as they then had were thereby preserved. That proceeding did not however operate to add to any existing rights or create any new or different rights. It would be a novel extension and perversion of the doctrine to hold that all the questions raised in this action of ejectment, specifically that the plaintiffs are now the owners of the property, in fee simple absolute, were foreclosed and decided in the former proceeding.

Our judgment is that the action is barred by the fifteen years' limitation, and the reasons for this view are sufficiently expressed in the opinion this day handed down in *Talbot* v. *City of Norfolk.*

*Affirmed.*