INDUSTRIAL INV. Co. *v.* KING.

(Division B. Feb. 9, 1931. Suggestion of Error Overruled Feb. 23, 1931.)

[132 So. 333. No. 29210.]

**W. H. Cox,** of Jackson, for appellant.

R. H. and J. H. Thompson, of Jackson, for appellee.

Argued orally by **W. H. Cox**, for appellant, and by **R. H. Thompson, Jr.**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

It is the settled rule in this state, Baggett v. McCormack, 73 Miss. 552, 19 So. 89, 55 Am. St. Rep. 554, and the rule seems to be generally recognized in other jurisdictions, 6 C. J., p. 1149, that the borrower of personal property has, as bailee, a sufficient interest therein to entitle him to recover from a third person who has wrongfully injured the property while in the possession óf said bailee. The principle is that the bailee in possession, the borrower, is a trustee for the owner, and, on a settlement with the bailee by a tort-feasor for an injury to the property, the bailee is liable to account to the owner for the proceeds, not that the wrongdoer shall in such case be twice liable for the same injury.

It is earnestly sought to distinguish the present case from Baggett v. McCormack, in this: In the Baggett case the borrower after the injury paid the owner for the property, and, although without any legal assignment, then brought suit against the wrongdoer; whereas in this case the borrower, in fraud of his trust, appropriated the proceeds to his own use and failed to account to the owner. The distinction, however, is not real, for in the Baggett case the borrower did in advance of the recovery only what, as trustee, he would in law have been required to do upon and after recovery.

Affirmed.