RICHARD FREITAG, PLAINTIFF, v. HARRY E. RENSHAW, DEFENDANT.

For the plaintiff, *Thomas V. Fields.*

For the defendant, *William K. Flanagan.*

HARTSHORNE, J. In this cause, the plaintiff, Freitag, was the driver of an automobile which collided April 3d, 1930, with an automobile owned and operated by the defendant, Renshaw. The suit is for personal injuries. The answer alleges that previous to the institution of this suit, Renshaw, defendant herein, sued Freitag, plaintiff herein, and one Meyer, the owner of the automobile driven by Freitag, in the District Court of the First Judicial District of Essex County, for negligence in the same automobile accident involved here, but for property damage, not personal injury; that in the District Court suit said Meyer counter-claimed against Renshaw, plaintiff herein, for property damage. The answer further alleges, and the record shows, that the District Court judge expressly found "on the main case that the defendants (Freitag, plaintiff herein, and Meyer) were guilty of negligence, but that the plaintiff himself (Renshaw, defendant herein) was guilty of contributory negligence," giving judgment for the defendants. The District Court judge further found on the counter-claim, "that the said Freitag (plaintiff herein) was also guilty of the contributory negligence," giving judgment for Renshaw on the counter-claim.

The District Court therefore had before it a cause based upon the automobile accident here involved, and both parties here involved. The court thereupon expressly adjudged both Freitag, the plaintiff herein, and Renshaw, the defendant herein, guilty of negligence on the same facts herein involved, with the exception of plaintiff's personal injuries.

A motion is now made by the attorney of defendant, Renshaw, to dismiss under Rule 40 (Supreme Court Rules), the above facts being admitted for the purpose of the motion.

The answer raises the defense of *res adjudicata,* or estoppel of record, as it might more properly be termed under the circumstances. The foundation of this principle is that both public policy and the interest of the litigants alike require that there should be an end to litigation, and the good order of society demands that matters put in issue and determined by a court of competent jurisdiction should not be retried between the same parties in any subsequent suit in any court. This doctrine has been long established in this state, its latest enunciation being in the case of *Bragg* v. *King* (*Supreme Court*), 104 *N. J. L.* 4. In that case Chief Justice Gummere said:

"The doctrine of *res adjudicata,* as defined by our Court of Errors and Appeals, is that the judgment of a court of competent jurisdiction on a question of law or fact, when litigated and determined, is, so long as it remains unreversed, conclusive upon the parties and their privies, not only in the suit in which it is pronounced, but in all future litigation between the same parties or their privies, touching upon the same subject-matter. *In re Walsh's Estate,* 80 *N. J. Eq.* 565."

The difficulty in the application of the doctrine arises principally in determining the *res* which has been adjudicated. This *res* may be either the entire cause of action, which it is when the second cause of action is the same as the first and between the same parties; or if the second is a different cause of action than the first, though between the same parties, and involving additional issues, then the *res*

adjudicated consists only of such decided issue or issues of law or fact as are identic in both actions. *Bates* v. *Bodie,* 245 *U. S.* 520, 526; 15 *R. C. L.,* ¶ 438, 450.

In the latter event, it is clear that the first cause of action is not a bar to the second, since the second involves certain undecided issues. Such is the reason for the decision of our Court of Errors and Appeals in the case of *Ochs* v. *Public Service Railway Co.,* 81 *N. J. L.* 661. But when the second cause of action is tried, any issue in that cause, identic with an issue decided in the first cause, is concluded by the decision in the first cause, by what is called an estoppel of record. In other words, the judgment in the first cause presents evidence of the fact of so high a nature that nothing which could be proved by evidence *aliunde* would be sufficient to overcome it. Hence it would be useless to adduce any such evidence, and the party seeking to do so is estopped or precluded by law from doing so. *Sawyer* v. *Woodbury,* 7 *Gray* 499, 502; *City of Paterson* v. *Baker,* 51 *N. J. Eq.* 49, 52.

Doubtless in *Ochs* v. *Public Service Railway Co., supra,* where the Court of Errors and Appeals found that the first trial was no bar to the second, the court in the second trial permitted in evidence as an estoppel of record the adjudication on the first trial of the defendant's negligence.

Such is the exact situation in the case at bar. It is settled that the cause of action in the District Court for property damage differs from the cause of action here for personal injuries. *Ochs* v. *Public Service Railway Co., supra.* But the issue of fact of the negligence of plaintiff Freitag in the automobile accident involved in both suits, has been expressly adjudicated by the District Court. That issue is concluded, so far as the same parties are concerned. Plaintiff, Freitag, is estopped by the record to question his contributory negligence in the present suit.

Nor is this conclusion contrary to *Smith* v. *Fischer Baking Co. et al.,* 147 *Atl. Rep.* 455. In that case since neither the same parties nor their privies were involved, the doctrine of *res*

*adjudicata* could not apply whether the *res* were a cause of action or a single issue in the first cause, the parties in the two suits were not identic, the plantiff in the second suit not having been a party to the first action.

Nor was there any privity between the driver and owner of the automobile, parties plaintiff in the first and second actions respectively. The basis of the second action was injury to the automobile of the owner, in which the driver had no interest whatever and consequently no privity with the owner. Such distinguishes this case from *Carter* v. *Public Service Gas Co.* (*Court of Errors and Appeals*), 100 *N. J. L.* 374, where there was an identity of interest in the master and servant in the two causes of action, both for assault and battery.

To reach a different result in this case would mean that we would permit the same party to force the same court to try the same issue—that of negligence—twice. We might also reach the ridiculous result that this same party might be found entitled to recover for personal injuries, because not negligent, yet not entitled to recover for property damage to a car he might own, because negligent. Nothing would better serve to foster litigation and, at the same time, a disrespect for our system of jurisprudence.

Judgment will therefore be entered for the defendant.