Helen S. Books, Doing Business as Middletown Auto Sales, Plaintiff, *v.* Samuel Goldstein, Defendant. (Action No. 1.)

Samuel Goldstein, Plaintiff, *v.* Henry Schmick, Defendant. (Action No. 2.)

City Court of Middletown, September 2, 1936.

*Schriver & Eager* for the plaintiff.

*David Fishman* for the defendant.

Faulkner, J.  Goldstein was driving his automobile northerly on Academy avenue, between twenty and twenty-five miles per hour the afternoon of the accident, when his motor vehicle suddenly skidded, first going to his right, and then shooting to his left and northwesterly across Academy avenue, where it collided with the motor vehicle then being operated by one Schmick, Mrs. Books' employee.

Goldstein claims that the other operator was negligent in continuing south on Academy avenue without stopping from a point north of Houston avenue after he saw or could have seen the skidding automobile coming in his direction.  The operator denies any negligence on his part but, on the contrary, asserts that Goldstein's negligence was the cause of the collision.

Skidding unexplained and of itself is no evidence of negligence. (*Smith* v. *Levinson*, 222 App. Div. 310.)

If the collision was caused by skidding unaccompanied by any act of negligence, Goldstein is not responsible in damages.

Schmick testified that the first time he saw Goldstein's automobile it was fifty or sixty feet away and on Houston avenue; that it was at a standstill and then shot across the street; that he thought Goldstein had stepped on the gas instead of the brake.

Coolidge, another witness for Mrs. Books, testified that he saw that Goldstein's car went to the right, came very near to a standstill, and then seemed to come across the street and hit the Ford. On his cross-examination he stated that Goldstein's car started skidding on the southeasterly side of Houston avenue.

Goldstein on his direct examination testified that after the skidding had begun he was afraid to apply his brakes, and that he did not know what caused the skidding. But on his cross-examination he testified: " As far as I can remember, at the time I started to skid I pressed my foot on the brake. I went slower after that." He asserted that he did not put his foot on the brake after it started zigzagging. He did not explain how it was that he went to his right, came nearly to a stop and then suddenly started up again, and, while under the circumstances no one else could, of his own knowledge state the cause, it seems to me that what occurred was this: When the skidding first began, Goldstein applied his brake, causing the front of his car to turn to his left with its rear end in Houston avenue, east of Academy avenue, and then he stepped on the accelerator, which forced him out of Houston avenue and across Academy avenue to the point of collision.

There is no other rational way of accounting for its shooting across the street after having come nearly to a stop. There was no steep grade or other similar factor which impelled the automobile across the street. The only plausible explanation is that gas was fed to the engine.

I do not under the circumstances find any negligence because of the absence of chains on his car, but I do hold him negligent for what happened after the skidding began.

There is nothing in the testimony indicating negligence on the part of Schmick.

The only other point raised on the trial was whether Mrs. Books was the real party in interest. While the owner in Florida, N. Y., assuming that title had not passed, could have brought the suit, either party was entitled to on the theory of bailment. ( *Kellogg* v. *Sweeney,* 1 Lans. 397; *Manion* v. *Loomis Sanatorium,* 162 App. Div. 421; affd., 220 N. Y. 697; *Corcoran* v. *Huntington Lumber & Coal Co.,* 211 App. Div. 803; *Schwartz* v. *Fletcher,* 238 id. 554.)

In action No. 1 judgment is awarded to the plaintiff in the sum of $145.

In action No. 2 the complaint is dismissed.