# Staunton

EDNA E. PETRUS v. CHARLES ROBBINS.

September 8, 1954.

Record No. 4178.

Present, All the Justices.

The opinion states the case.

*Louis Koutoulakos* and *Paul Varoutsos*, for the plaintiff in error.

*Boothe, Dudley, Koontz & Boothe*, for the defendant in error.

UPON REHEARING

MILLER, J., delivered the opinion of the court.

This litigation arose out of an accident that occurred when an automobile titled in the name of Michael Petrus and driven by his wife, Edna E. Petrus, was involved in a collision with an automobile owned and operated by Charles Robbins. Both vehicles were damaged, and Edna E. Petrus, the sole occupant of the car driven by her, alleged that she sustained personal injuries.

Charles Robbins, a non-resident of Virginia, sued Edna E. Petrus in the Civil and Police Court of the city of Alexandria for $252.90, alleged damages to his automobile. Process was served on Edna E. Petrus on June 9, 1952, and on June 18, 1952, her counsel entered an appearance, and the case was set for trial on July 3, 1952.

On July 2, 1952, Edna E. Petrus filed a written "answer and counterclaim" in the action pending in the civil and police court. She denied that she had been negligent and asked judgment against Robbins for $307.70, "for damages done to her vehicle and for loss of use."

On June 30, 1952, Edna E. Petrus and her husband, Michael Petrus, instituted action against Charles Robbins in the Corporation Court of the city of Alexandria. Process was served on the Commissioner of Motor Vehicles on July 2, 1952, and on that date a copy of the motion for judgment was mailed to Robbins at his home in New Jersey. In this

motion for judgment plaintiffs alleged that the collision was due to Robbins' negligence, and sought recovery of $20,000. Personal injuries to Edna E. Petrus and property damage were asserted, the property damage being set at $207.70.

On July 3, 1952, the action pending in the civil and police court was tried, and it does not appear that Robbins was then aware of the pendency of the suit that had been filed in the corporation court. Before any evidence was heard in the civil and police court, counsel stipulated and advised the court "that the bills for automobile damages shall be the amount of the damages to the automobiles." After Robbins rested his case, Edna E. Petrus testified in her own behalf as to how the accident happened and as to who was the owner of the automobile that she was driving. Her testimony as to the ownership of the car was as follows:

"Q. Who owned the automobile?
"A. My husband. It was in his name.
"Q. It was his loss, wasn't it?
"A. Well, his loss is my loss.

      \*      \*      \*      \*      \*      \*      \*

"Q. That was his?
"A. It was in his name but I use it all the time."

When it was disclosed by her testimony that she did not own the automobile, and there being no testimony that she had suffered any pecuniary loss because of being deprived of its use, counsel for Robbins moved that her counterclaim be dismissed. No ruling was made on that motion, but the court thereafter heard the testimony of Lawrence W. Griffin, a witness to the accident called by Edna E. Petrus, who testified as to how the collision occurred. Edna E. Petrus was then recalled by her counsel, and the following examination by counsel and the court was had, and the following statement and ruling were made by the court:

"Q. In your conversation with the other driver after the accident, did you make any statement to him as to whether you saw him or not?

"A. Well, we didn't go into details but I said to him, 'You were on top of me before I saw you.' But he made that sound as if I didn't see him at all.

"The Court: You told that. All right, that is all I want to know.

"I will dismiss both of them: Deny judgment for the Plaintiff and deny the counterclaim. I don't think either of them saw the other; * * *

"Mr. Dudley: Your Honor is dismissing it on the grounds both parties are negligent?

"The Court: Negligent, that is right."

The counterclaim filed by Edna E. Petrus was thereupon endorsed by the judge "Counterclaim denied," and he entered judgment on Robbins' warrant in favor of Edna E. Petrus, the defendant, and the proceedings were terminated without recovery of damages by either party. No appeal was taken by either party, and the judgment has become final.

After Robbins' motion to dismiss was made, which was not acted upon, the court heard further evidence concerning how the accident happened and denied recovery to both parties for the reason stated. The court having so adjudicated on the merits of the claims, no bills for repair of the cars were filed nor any evidence offered as to the amount of damages sustained by either vehicle.

On July 18, 1952, Charles Robbins filed a motion for a bill of particulars in the action pending in the corporation court, in which both Michael Petrus and Edna E. Petrus were then plaintiffs. He asked that their claims be respectively identified so that an intelligent answer to each might be given. On August 7, 1952, Michael Petrus and Edna E. Petrus filed a bill of particulars in which it is stated that the claim of Michael Petrus was for "damages to his automobile" in the sum of $207.70, and that the claim of Edna E. Petrus was damages for personal injuries in the amount of $19,700. In the bill of particulars it is also as-

serted that "Michael Petrus was the owner of the automobile at the time of the accident," and that "There was a gratuitous bailment." It is thus definitely asserted that the car was owned by Michael Petrus but Edna E. Petrus was operating it as a gratuitous bailee when it was damaged.

On October 12, 1952, Charles Robbins filed a plea of *res adjudicata* and estoppel of record in the action in the corporation court. The plea set up the judgment rendered July 3, 1952, in the civil and police court, and asserted that the finding and judgment of that court on the respective claims of the parties necessarily decided that both litigants were guilty of negligence which contributed to the collision. The plea then asserted that such finding and judgment precluded Edna E. Petrus from maintaining her action for personal injuries and estopped Michael Petrus from asserting ownership of the vehicle that she was driving, and thus precluded both plaintiffs from maintaining their actions against Charles Robbins.

On September 15, 1952, an amended motion for judgment was filed by Edna E. Petrus, which dropped Michael Petrus as a party plaintiff and sought recovery for personal injuries only. No order was entered by the court formally filing this amended motion for judgment, yet it was treated by the parties as regularly filed and the cause was therefore proceeded in with Edna E. Petrus as the sole party plaintiff.

On December 10, 1952, the court sustained the plea of *res adjudicata* and estoppel of record and entered a final order dismissing the motion for judgment.

At the instance of Edna E. Petrus we reversed that judgment on March 15, 1954, and awarded her a new trial, 195 Va. 861, 80 S. E. (2d) 543. Robbins thereupon filed a petition for rehearing, which was granted, and the case is now before us for the second time.

Edna E. Petrus contends that the judgment of the civil and police court does not preclude her from maintaining this action because the judgment of the civil and police court,

a court of limited jurisdiction and not a court of record, cannot be invoked as a bar to her claim; that the amount of damages asserted for personal injuries exceeds the jurisdictional limit of that court; that her present claim of damages for personal injuries is a separate cause of action other than that asserted in her counterclaim; and that she was not the owner of the automobile, and thus had no cause of action for its damage.

No contention was made by either party in the briefs that Edna E. Petrus was a bailee of the car, nor did counsel make that contention in argument. Nowhere in the briefs are the words bailee, bailor or bailment to be found. Nor was our attention otherwise directed to that phase of the record, and therefore it was not considered or adverted to in the original opinion. However, upon examination of the bill of particulars, which is a part of the printed record, it is disclosed that both Edna E. Petrus and Michael Petrus asserted that the car was in the possession of Edna E. Petrus as bailee.

That statement in the pleading, if sustained by proof, goes to the merits of plaintiff's present claim and strikes at her right to maintain this action. If the evidence sustains the admission and assertion, and if the fact that Edna E. Petrus was a bailee of the car prevents and estops her from maintaining this action, then the rights of the parties in that respect should be so adjudicated and determined on this rehearing. *Trust Co. of Norfolk, Va., et al.* v. *Commonwealth*, 151 Va. 883, at 901, 141 S. E. 825; 3 Am. Jur., Appeal and Error, § 810, p. 352.

From the statements made by Edna E. Petrus and Michael Petrus in the bill of particulars, and from the testimony given by the former at the trial in the civil and police court, it is conclusively established that though Michael Petrus was the owner of the automobile, his wife had possession of the vehicle as a gratuitous bailee at the time of the accident. The stipulation of counsel also shows that the only property

damage sustained was that inflicted upon the car, and no pecuniary loss was shown to have resulted to Edna E. Petrus because of loss of use of the vehicle.

These facts being true, the dominant questions are: Was she entitled to maintain the action in the civil and police court for the damages to the car that she was operating as a bailee, and if so, does the judgment of that court, finding her guilty of negligence that efficiently contributed to the accident, bar her recovery in this action?

It is now settled law that a bailee in possession may sue for and recover judgment for the wrongful damage or destruction by another of the bailed property. *Harris* v. *Howerton*, 169 Va. 647, 194 S. E. 692; *Jones* v. *Hines*, 85 W. Va. 496, 102 S. E. 143; *Yrisarri* v. *Clifford*, 32 N. M. 1, 249 P. 1011; *Books* v. *Goldstein*, 160 Misc. 488, 289 N. Y. S. 1087; 6 Am. Jur., Bailments, §§ 302, 303, pp. 400, 401; 8 C. J. S., Bailments, § 39 b, p. 317; 2. M. J., Bailments, § 8, p. 678.

This principle applies to a gratuitous bailee, as well as to a bailee for hire.

"In *Little* v. *Fossett*, 34 Me. 545, 56 Am. Dec. 671, the court decided that the bailee may recover compensation for any conversion of or injury to the property bailed while in his possession. The court cited authorities dealing with gratuitous bailments and held that, if the suit were against a stranger, he was entitled to recover the value of the property, holding the balance beyond his own interest, in trust for the general owner.

"In a note to *Union Pacific R. R. Co.* v. *Meyer*, 76 Neb. 549, 107 N. W. 793, 14 Ann. Cas. 634, the note writer, discussing the right of a bailee to recover for injury to property says:

" 'The decisions are unanimous in holding that a bailee in possession of personal property may recover for injuries to or the loss of such property caused by the acts of persons other than the owner.'

"An examination of the note discloses that in many of the cases cited the plaintiffs were gratuitous bailees. For later cases, see note to *Central R. R. of N. J.* v. *Bayway Refining Co.,* Ann. Cas. 1912D, 77." *Yrisarri* v. *Clifford, supra,* at page 3. *Industrial Inv. Co.* v. *King,* 159 Miss. 491, 132 So. 333; *Herries* v. *Bell,* 220 Mass. 243, 107 N. E. 944, Ann. Cas. 1917A 423; *Baggett* v. *McCormack,* 73 Miss. 552, 19 So. 89, 55 Am. St. Rep. 554; *Walsh* v. *U. S. Tent & Awning Co.,* 153 Ill. App. 229; 6 Am. Jur., Bailments, § 304, p. 402.

█ The civil and police court is concededly one of limited jurisdiction and not a court of record. However, both parties invoked its jurisdiction, and the claims for property damage asserted by each of them were cognizable in that court. § 16-90, Code of 1950. That being true, its final judgment on the merits may be invoked by a plea of *res adjudicata* or estoppel of record as a bar to further litigation between the same parties of the identical issues litigated and decided in that court. *Johnson* v. *Rogers,* 110 W. Va. 232, 157 S. E. 409. See note on this case in 37 W. Va. Law Quarterly 447. 30 Am. Jur., Judgments, § 163, p. 909, and 31 Am. Jur., Justices of the Peace, § 90, p. 756.

A plea of *res adjudicata* or estoppel of record may be successfully invoked upon a final judgment or decree of a court of inferior or limited jurisdiction, as well as upon the judgment or decree of a court of record of general jurisdiction, provided the inferior court had jurisdiction of the parties and of the subject matter. *Withers* v. *Sims,* 80 Va. 651; 8 M. J., Former Adjudication or Res Adjudicata, § 81, p. 657; 30 Am. Jur., Judgments, § 163, p. 909; 50 C. J. S., Judgments, § 604, p. 28.

█ To have estoppel by judgment it is essential that the identical issue on which it is invoked was necessarily decided in the former cause. *Chesapeake & Ohio Rwy. Co.* v. *Rison,* 99 Va. 18, 39, 37 S. E. 320.

"Where there has been litigation which has in fact determined the point in the controversy, and there has been a

final judgment, the judgment is conclusive. Where the subject matter is identical and the evidence is of necessity the same, the question cannot be reopened." *Eagle, etc. Ins. Co. v. Heller*, 149 Va. 82, 99, 140 S. E. 314.

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action." 30 Am. Jur., Judgments, § 178. *Winters v. Bisaillon*, 153 Or. 509, 57 P. (2d) 1095, 104 A. L. R. 968.

" * * * [T]o render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined,—that is, that the verdict could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter." *Russell v. Place*, 94 U. S. 606, 608, cited with approval in *Withers v. Sims, supra*, at 659. *Talbot v. Virginia Electric & Power Co.*, 152 Va. 864, 148 S. E. 869; *Patterson v. Anderson, etc.*, 194 Va. 557, 74 S. E. (2d) 195; *Burks* Pleading and Plactice, 4th ed., Judgments, § 357, p. 673, 30 Am. Jur., Judgments, § 183, p. 928; 50 C. J. S., Judgments, § 728, p. 216, *et seq.*

Was the issue of whether or not Edna E. Petrus was guilty of negligence contributing to the accident necessarily decided when she was denied recovery on her counterclaim, and is that the identical issue presented in this litigation?

In the case of *Nardolillo v. Carroll*, 70 R. I. 133, 37 A.

(2d) 659, the facts disclose that two automobiles owned and operated respectively by Nardolillo and Carroll were involved in a collision. An insurance company which had paid the damages sustained by Carroll's car, filed a subrogation suit in Carroll's name against Nardolillo and recovered. Nardolillo instituted action for personal injuries against Carroll which was not tried until the judgment in the subrogation action in Carroll's name against Nardolillo had become final. Carroll invoked the defense of *res adjudicata* against Nardolillo for damages to the latter's car arising out of the same collision. In sustaining Carroll's defense to Nardolillo's action, the court said:

"The claim of the plaintiff that there is a difference in the issues in these cases, because in the instant case he sued to recover for personal injuries, whereas in the other case Carroll sought recovery for property damage only, is without merit. The nature of the damages and the amount of recovery were secondary questions, but the basic issue in each case was identical, *viz.*, the issue whether the proximate cause of the damages to the respective parties was the negligence of the present plaintiff or that of the present defendant. Our approval of the verdict in the other case made a final determination of that issue in favor of the present defendant; and that determination is also decisive in his favor in the instant case." At page 134.

It is said in *Freitag* v. *Renshaw*, 9 N. J. Misc. 1161, 157 A. 455, 456:

"It is settled that the cause of action in the district court for property damage differs from the cause of action here for personal injuries. *Ochs* v. *Public Service Railway Co.*, *supra*. But the issue of fact of the negligence of plaintiff, Freitag, in the automobile accident involved in both suits, has been expressly adjudicated by the district court. That issue is concluded, so far as the same parties are concerned. Plaintiff, Freitag, is estopped by the record to question his contributory negligence in the present suit."

"Where the action in which the judgment was rendered and in which it is asserted as an estoppel are upon different causes of action but between the same parties or their privies as to any matter actually in issue and determined in the action in which it was rendered, the judgment is conclusive and final in the action in which it is asserted, either on behalf of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to disprove an essential element of plaintiff's case or to establish matters relied on in defense." *Henderson* v. *U. S. Radiator Corporation*, 78 F. (2d) 674, 676. *Good Health Dairy* v. *Emery*, 275 N. Y. 14, 9 N. E. (2d) 758, 112 A. L. R. 401; *Travelers Indemnity Co.* v. *Moore*, 304 Ky. 456, 201 S. W. (2d) 7; *Todhunter* v. *Smith*, 219 Cal. 690, 28 P. (2d) 916.

The bills for damages to the respective automobiles were stipulated as the damages sustained by the parties. The court found that Robbins was guilty of negligence, which prevented his recovery, and unless Edna E. Petrus had been guilty of negligence that contributed to the accident, she should and would have recovered. In short, on the respective claims asserted by each party, the court found and decided against each party because each was guilty of negligence, and so announced. The failure of the court to sustain Robbins' motion to dismiss the counterclaim and the announcement of the judge at the conclusion of the testimony bearing upon how the collision happened conclusively establish that recovery was denied to Edna E. Petrus because of her negligence. That identical issue of whether or not she was guilty of negligence that efficiently contributed to the collision is necessarily a controlling issue in her action for damages for personal injuries.

In *Carter, et al.* v. *Hinkle*, 189 Va. 1, 52 S. E. (2d) 135, relied upon by Edna E. Petrus, the facts, as well as the legal issue presented, were materially different from those here involved. For that reason the decision is not in point. There a taxicab owned and operated by Hinkle collided

with an automobile owned by Smith and driven by his agent, Carter. Hinkle, who sustained both property damages and personal injuries, sued Smith in a trial justice court for $750 damages to the vehicle and $250 for loss of its use, and obtained a judgment for $1,000 that was paid and satisfied. Thereafter Hinkle sued Carter and Smith in the circuit court for the personal injuries sustained by him in the collision, and the defendants interposed a plea that the former judgment and its satisfaction constituted a bar to Hinkle's right to sue for personal injuries sustained in the collision. The trial court overruled the plea, and Hinkle obtained a verdict and judgment for $1,000 for his personal injuries. Upon appeal we affirmed that judgment. In the course of the opinion it is shown that in the first case in the trial justice court, Hinkle prevailed, and for him to do so, Carter, the driver of Smith's car, was necessarily found guilty of negligence. That was the essential issue. In the second case in the circuit court, Carter and Smith contended that Hinkle had but one cause of action and insisted that the judgment awarded Hinkle in the first case included and barred the second action. In the *Carter* v. *Hinkle* case, *supra*, we thus stated the legal issue presented:

"May one who has suffered both damage to his property and injury to his person as the result of a single wrongful act maintain two separate actions therefor, or is a judgment obtained in the first action a bar to the second?"

We adopted what is called the minority view, and by a divided court held that Hinkle had two separate and distinct causes of action, one for property damages and one for personal injuries, and that the judgment in his favor on his property damage cause of action was not a bar to his action for personal injuries.

Here Edna E. Petrus was denied recovery in the civil and police court on her claim for property damages because of her negligence. Whether or not it be held that she had one cause of action with two elements of damage, *i.e.*, prop-

erty damage and personal injury damage, or that she had two distinct causes of action, is immaterial. In either event she has been adjudged guilty of negligence that proximately caused the collision, and that is a bar to any right or rights of action that she had for damages of whatever nature suffered in the collision.

The plea of *res adjudicata* and estoppel of record interposed by Robbins was rightly sustained by the trial judge, and for the reasons stated herein, the judgment of the trial court is affirmed.

*Affirmed.*

SPRATLEY and WHITTLE, JJ., dissenting.

SPRATLEY, J., dissenting:

I agree with my brethren on the principles of the law of bailments. In *Harris* v. *Howerton,* 169 Va. 647, 661, 194 S. E. 692, 698, I said with their approval: "It seems to be well settled that a bailee of personal property may recover compensation for any wrongful injury to the article bailed while in his possession." I think, however, that under our Rules and on the record before us, we are not free to consider the applicability of the law of bailments to this case.

The present opinion of the majority states a case entirely different from the one originally heard by us or stated in their briefs. At the first hearing appellant, in her brief and argument, asked for a reversal, relying on *Carter* v. *Hinkle,* 189 Va. 1, 52 S. E. (2d) 135, which case presented a question not in point here. The appellee urged us "to reexamine *Carter* v. *Hinkle,* and to overrule the same." Neither party referred to the law of bailment. Perhaps the manner in which the prior proceedings in the Civil and Police Court and in the present action in the Corporation Court were conducted and recorded may be responsible for the confusion which has arisen. I shall, therefore, undertake to point out why the records in the two cases justify our first opinion.

The trial of the Civil and Police Court action was concluded on July 3, 1952. The counterclaim of Mrs. Petrus therein was filed on July 2, 1952.

The present action was instituted in the Corporation Court on June 30, 1952, by Edna E. Petrus and Michael Petrus, praying for a judgment of $20,000 covering personal injuries to Mrs. Petrus and "property damages of $207.70." Obviously, the claim for "property damages" was on behalf of Michael Petrus, co-plaintiff, the owner of the automobile.

On July 18, 1952, Robbins requested the plaintiffs, in the present or second action, to furnish him the particulars of *the claims asserted by them.* In response, Mr. and Mrs. Petrus filed a bill of particulars on August 7, 1952, in which they stated that Michael Petrus was the owner of the automobile involved at the time of the accident; that he claimed $207.70 damages to his automobile; and that there was a gratuitous bailment as to Mrs. Petrus. It will be noted that the bill of particulars was filed a month and four days after the conclusion of the action in the Civil and Police Court, and that it contains the only reference in the record or briefs to a bailment. Robbins filed a plea of *res judicata* and estoppel on August 12, 1952, and Mrs. Petrus tendered her amended motion for judgment on September 15, 1952. The amended motion omitted the name of Michael Petrus as plaintiff, and alleged personal injuries to Mrs. Petrus in the sum of $50,000; but there is no order of court allowing it to be filed. Both the original motion for judgment and its amendment show that Michael Petrus and not Mrs. Petrus asked for damages to the automobile.

Counsel for Robbins manifestly thought, when he examined Mrs. Petrus in the Civil and Police Court, that ownership of the car operated by her was material. No question of a bailment was suggested by either party. The answers of Mrs. Petrus indicate that she, like many good women, felt that whatever belonged to her husband belonged to her; but we do not know whether her husband agreed with her theory. Bailment, like ownership, is a subject of proof.

Whether appellant could have then established a bailment we do not know.

The record shows that immediately upon obtaining the admission of Mrs. Petrus that she did not own the car, counsel for Robbins moved that her counterclaim be dismissed. No objection was made by appellant. She did not undertake to prove that she was a bailee, and no evidence was offered as to her loss of use of the car. No order was formally entered sustaining or rejecting the motion, just as no order was entered filing the amended notice of motion in the Corporation Court. There is no evidence in the record as to whether or not the use of the automobile by Mrs. Petrus, at the time of the accident, was with or without the consent of her husband. It is apparent the parties treated the counterclaim of appellant as rejected, or abandoned, on the theory that Mrs. Petrus, not being the owner of the car, was without a cause of action for damages to it. In accordance with this theory, Robbins has consistently stated in his briefs and argument before this court that the Civil and Police Justice should have immediately dismissed the counterclaim upon his motion to that effect.

As the present opinion states, appellee has not contended in his pleadings or argument that Mrs. Petrus was a bailee of the car operated by her. As we have seen, the only place in the record where a bailment is referred to is in a pleading in the second case, filed long after the action in the Civil and Police Court had terminated. Nevertheless, upon the rehearing the court invokes the issue of a bailment on behalf of the appellee, disregarding the theory of Robbins that Mrs. Petrus had no cause of action on her counterclaim because she did not own the car.

Our Rules are designed to prevent the development of the situation here presented. Rule 5:1 § 4 provides that only error assigned in accordance therewith "will be noticed by this Court." The clear purpose of this Rule is to require that an assignment of error shall point out with reasonable certainty to the court and opposing counsel the points on

which the parties rely and to confine discussion to those points alone. *Harlow* v. *Commonwealth*, 195 Va. 269, 77 S. E. (2d) 851. Here neither appellant nor appellee made any assignment relating to the question of bailment.

Rule 5:1 § 6d requires both appellant and appellee to print the parts of the record they rely on. The printed record here does not contain the evidence heard in the prior action in the Civil and Police Court.

Under Rule 5:1 § 6e, the part of a record not designated to be printed is presumed not to be "germane" to the assignments of error.

"This is an appellate court, and on appeal we hear cases upon the theory upon which they were tried in the court below. The case there made is the case we hear on appeal." *Liverpool, etc., Ins. Co.* v. *Bolling*, 176 Va. 182, 194, 10. S. E. (2d) 518, 523. Robbins advanced the theory in the Civil and Police Court that Mrs. Petrus had no cause of action because she was not the owner of the car. That was all. Can he take a different position here?

In *Kelley* v. *Commonwealth*, 140 Va. 522, 536, 125 S. E. 437, 441, we said: "The appellate court is not designed as an arena for the display of the ingenuity and technical skill of counsel, but to attain, as nearly and as speedily as may be, the ends of justice; and parties litigant may not play fast and loose with the court by taking inconsistent positions at different stages of the proceedings in court."

"No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed." *Potts* v. *Mathieson Alkali Works*, 165 Va. 196, 207, 181 S. E. 521, 525; *Patterson* v. *Anderson*, 194 Va. 557, 569, 74 S. E. (2d) 195, 203.

"The issues in a case are made by the pleadings, and the judicial tribunals, in determining the respective rights of litigants, can not go beyond the issues thus made." *Potts* v. *Mathieson Alkali Works*, *supra*, page 223.

Appellant having taken the position stated, he should not now be heard in an attempt to take advantage of an inconsistent point not urged in the lower court. *Lavenstein* v. *Maile,* 146 Va. 789, 800, 132 S. E. 844.

A party relying upon a specific ground or action of defense in the trial court will not be permitted to assume a position inconsistent therewith in the appellate court. *Central Trust Co.* v. *Cook,* 111 W. Va. 637, 163 S. E. 60.

Mr. Justice Hudgins, now Chief Justice, in *Jackson* v. *C. & O. Ry. Co.,* 176 Va. 642, 651, 20 S. E. (2d) 489, 493, quoted with approval the following statement from *Warren* v. *Warren,* 93 Va. 73, 24 S. E. 913:

" 'The parties must stand or fall upon the case as made in that court. An appellate court is not a forum in which to make a new case. It is merely a court of review to determine whether or not the rulings and judgment of the court below upon the case as made there were correct. Any other rule, it has been well said, would overturn all just conceptions of appellate procedure in cases at law, and would result in making an appeal in such action a trial *de novo,* without the presence of witnesses, or the means of correcting the errors and omissions.' "

An appellate court is not, nor ought it to be, required to search for grounds which counsel have not urged or disclosed, or which they are not willing to disclose. It is due to the court, and to the party whose claim is objected to, that the grounds of objection be specified, so that the latter may have an opportunity to meet the objection or to remedy the omission, and, if possible, have the case heard fairly on its merits. Rule of Court 1:8.

Robbins' case should stand or fall on the issue made. In the Police Court he relied solely upon the theory that Mrs. Petrus had no cause of action for damage to the car because she did not own it. We should not now invoke for him a position inconsistent with his own theory and turn our decision upon an issue never asserted or defended in the lower

court, and never contended for before us either in the briefs or oral argument.

In 3 Am. Jur., Appeal and Error, § 810, page 352, this is said:

"All points and questions that might have been presented upon the original hearing *may be presented on the rehearing,* unless the order granting the rehearing limits the questions to be reargued. And where, by a former decision, *certain questions were argued,* but left open by the appellate court, a petition for rehearing will be treated as sufficient for the determination of such questions as were left open, but no more." (Emphasis added.)

This principle we recognized in *Trust Co.* v. *Commonwealth,* 151 Va. 883, 901, 141 S. E. 825, 145 S. E. 326, 327, where, upon a rehearing, we said:

"Although no such *constitutional* question was brought to the attention of the court, and was therefore neither argued nor considered, upon the original hearing, the court is of opinion that we should consider and determine a question of such gravity, *though raised for the first time in a petition for rehearing."* (Emphasis added.) It is clear that no such reason exists for such an exception here.

While the doctrine of *res judicata* should receive a liberal construction, it should not be applied to defeat the ends of justice. *Hannah* v. *Beasley,* 132 W. Va. 814, 53 S. E. (2d) 729; *Gentry* v. *Farruggia,* 132 W. Va. 809, 53 S. E. (2d) 741.

At the risk of reiteration, I again call attention to the following matters of record: (1) The point that Mrs. Petrus was a bailee was not raised in the Civil and Police Court action; (2) That the word bailment does not appear anywhere in the proceedings except in the bill of particulars filed in the Corporation Court action, fifteen days after final judgment in the first proceeding; (3) That the employment of the word in that pleading was immaterial, and manifestly so regarded, because Mr. Petrus was then demanding dam-

ages for injuries to his car; and (4) That the question of a bailment was not raised in the petition for a rehearing, nor in the arguments thereon. The parties recognized that the action in the Civil and Police Court was heard upon a different theory, and consequently they relied only on the theory advanced by the appellee. Their reason for disregarding the question of bailment is, so far as we are concerned, purely conjectural. Nevertheless, this court, on its own motion, takes the case from their hands and makes out a new issue for the first time.

It seems to me that Mrs. Petrus has not had her day in court, and that consequently she has not had a fair trial on the merits of her claim for personal injuries. The theory upon which the appellee relied did not require a consideration of her negligence. If the plea of *res judicata* and estoppel be denied, appellee will have ample opportunity to defend the action against him on the grounds of her negligence.

If we tell counsel that hereafter we will go beyond their briefs, petitions to rehear, their contentions and arguments to search for points and theories not asserted, and decide the case thereon, we will encourage a laxity of practice, put a premium on afterthought, and promote disregard for our Rules and precedents.

In discussing the question of jurisdiction, Chief Justice Marshall, in the historic case of *Marbury* v. *Madison*, 1 Cranch 137, 175, said:

"It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause. * * *"

While neither the facts nor the procedure in that case are similar to those here, it seems to me that the statement is broad enough to cover the situation presented by the majority opinion.

For the foregoing reasons, I feel constrained to adhere

to the conclusion formerly reached and to the judgment entered thereon.

WHITTLE, J., concurs in this dissent.