RULEY, JUDGE:
This claim against the respondent, in the amount of $117.62, was filed by the claimant for damage sustained by an automobile he was driving.
On January 22, 1978, at approximately 11:45 a.m., the claimant, driving a 1973 Vega automobile belonging to one Betty Slater, entered 1-64 and 1-77 at the Washington Street ramp in Charleston, West Virginia. It was cold and the road was clear. There was an automobile beside him, but no one was directly in front as he approached the highway at 30-35 miles per hour. The front end of the automobile went into a hole. The claimant testified that he heard a scraping noise on the bottom of the vehicle, after which the transmission ceased to function and the transmission fluid leaked out. The claimant further stated that he returned to the scene of the accident the next day and found that a piece of steel, four inches wide, was sticking up about five inches in the middle of the hole. After the accident, he had the automobile repaired and returned it to the owner.
Robert Glen, a foreman for the respondent, testified that a courtesy patrol driver reported that equipment being operated by the Union Boiler Company caught the end of an expansion joint in the highway and lifted it above the road surface. The Union Boiler Company was employed by the respondent to assist in the removal of piles of snow from the highway. Glen stated that the notification from the patrol driver was received at approximately 10:00 a.m. on January 22, the morning of the accident. Although the testimony is not clear, Glen apparently went to the scene with other employees of the re *337 spondent and with sledge hammers beat back the expansion joint, returning to the office by lunch time.
The claimant testified that the accident occurred at approximately 11:45 a.m. Mr. Glen testified that repairs were made after 10:00 a.m. Spradling also stated that the piece of steel was still there the next day.
However conflicting the testimony, general principles of tort and agency law require that the Court find the respondent liable. The Union Boiler Company, as agent for the respondent, damaged the expansion joint, and negligently failed to make any effort to notify the respondent or to warn motorists. Any such effort could have prevented the damage to the car. “Where an agent acts negligently in the regular course of his employment, the law is well settled that the principal must bear the consequences of his agent’s negligence * * 1A M.J. Agency §86. The contractor negligently performed his appointed task; the respondent is therefore liable. Bubar v. Dept. of Highways, 12 Ct. Cl. 204 (1978).
The damage was sustained by an automobile belonging to Betty Slater. The claimant was the bailee of the automobile. “A bailee in possession may sue for and recover judgment for the wrongful damage or destruction by another of the bailed property. This principle applies to a gratuitous bailee, as well as to a bailee for hire.” Petrus v. Robbins, 196 Va. 322, 83 S.E. 2d 408 (1954), 2B M. J. Bailments §8.
Accordingly, the Court makes an award to the claimant in the amount of $117.62.
Award of $117.62.