## CIRCUIT COURT OF THE CITY OF NORFOLK

Felecia James

v.

Brian James Brenneman

August 25, 1987

Case No. (Law) L-87-679

By JUDGE JOHN W. WINSTON

In her suit now filed, Felecia James seeks damages from Brian James Brenneman for the personal injuries caused her by the negligent operation of his vehicle resulting in the accident on June 23, 1986. She in turn was operating the vehicle owned by Keith Wiggins when the collision took place.

Brenneman has answered, denying negligence on his own part and asserting negligence on James's part contributing to the collision and has further pled Estoppel by Judgment.

This plea of estoppel relates to the outcome of the trial of an earlier suit for property damage filed by Keith Wiggins in the General District Court for Virginia Beach. Wiggins had sued Brenneman, alleging that he negligently operated his vehicle, causing it to collide with the Wiggins's vehicle resulting in its total loss. The suit was won by Brenneman.

Mr. E. F. Halloran, now representing Felecia James, earlier represented Keith Wiggins in that property damage suit. Mr. R. L. Lambert represented Brian James Brenneman in the defense of that suit and continues to do so here.

Keith Wiggins, Felecia James, and Brian James Brenneman all testified at the Wiggins's property damage trial,

as did other witnesses called on each of the parties' behalf. Though the factual circumstances of the accident were in dispute, the relation of the drivers to it was not.

In opening statement Mr. Halloran said that on June 22, 1986, Keith Wiggins "allowed Felecia James to use his vehicle with his consent." (Transcript, page 6). Keith Wiggins testified that he owned the vehicle driven by James (Transcript, page 11), and that he allowed her to borrow it with his permission on June 22, 1986. (Transcript, page 14). And Felecia James testified that she had borrowed the vehicle of Keith Wiggins on June 22, 1986, that prior to the accident she was coming from Norfolk going toward the Beach, and that her purpose in having his car was: "I went to the store. I had to make (buy) groceries." (Transcript, pages 33, 34, 37).

Brian James Brenneman testified that he was the driver of the other vehicle in the accident. (Transcript, page 67).

The trial judge recognized that Keith Wiggins was an (innocent) third party (bailor) who was not a party to the accident itself, was not negligent and was seeking compensation as the vehicle owner and that:

> any contributory negligence that may be attached to the driver, Mrs. James, would not be imputed to him under those circumstances. We all agree to that.
>
> Mr. Lambert: Certainly.
>
> Mr. Halloran: That's a possibility. Everybody at fault, nobody at fault, one was and the other wasn't and vice versa.

(Transcript, pages 84 and 86).

After hearing all of the evidence the court found for Brenneman, then stated that "It's a tough decision for the Court, but I cannot say based on what I have before me that . . . that I can go any other way." (Transcript, page 86).

This clearly amounted to a finding in a conflicting testimony situation that the facts accepted by the court

resolved the issue of negligence in favor of Brenneman. That is, the court found he was not negligent in any way that was a proximate cause of the accident.

Counsel seeks to read into the court's comments that it further found that James was negligent and that her negligence was the sole accident cause. Because the transcript does not report such a finding and because it was not required before the court could free Brenneman of legal responsibility, such a finding cannot be said to have been made.

Here the driver Felecia James was a gratuitous bailee of the vehicle of Keith Wiggins at the time of the accident. She was responsible to him for its negligent loss. And she had the right to bring the property damage claim against Brenneman in the lower court for Wiggins's benefit. *Petrus v. Robbins*, 196 Va. 322 (1954). (Instead Wiggins did that). Further, she had the right to bring a separate additional suit against Brenneman for her personal injuries (which she did). *Carter v. Hinkle*, 189 Va. 1 (1949).

But because she was the bailee of Keith Wiggins and could have stood in his shoes at the trial, she was in privity with him and is bound by the unappealed decision (now final) of the trial judge that Brenneman was not negligent in the accident. See the discussion of privity in *Kesler v. Fentress*, 223 Va. 14, 16-17 (1982).

Had Brenneman been found solely negligent proximately causing the accident in the earlier property damage suit brought by Wiggins (or by James), he would now be estopped to contest his liability for her personal injuries caused.

Now because Brenneman was earlier declared free of any negligence causing the accident, James is estopped to raise the issue of his negligence again in his later personal injury suit.

[An] order, sustaining the plea of estoppel by judgment (preferably to be called a plea of collateral estoppel) dismissing this litigation with prejudice, and noting objections [may be presented].