# CIRCUIT COURT OF CARROLL COUNTY

Janet Smith Rash

v.

James Ronald Smith

September 21, 2000

Case No. CL00-80

BY JUDGE DUANE E. MINK

The above-styled action arose out of an automobile accident which occurred on or about the 3rd day of October, 1998, on Interstate 77 in Carroll County, Virginia. The plaintiff, Mrs. Rash, alleges that the defendant negligently operated his motor vehicle and that as a direct and proximate result thereof, she sustained certain injuries and damages for which she seeks compensation.

The defendant has filed a Special Plea and Demurrer upon the ground that the plaintiff is collaterally estopped from prosecuting this action. On this issue, the facts are not in dispute. As a result of the accident in question, the plaintiff suffered property damage to her motor vehicle and submitted a claim for those damages to her insurance carrier, Virginia Mutual Insurance Company. Thereafter, as subrogee of the plaintiff, Virginia Mutual filed a lawsuit against the defendant for those property damages sustained in the accident between the parties to this suit. That action was originally filed in the General District Court of Carroll County resulting in a verdict in favor of the plaintiff. The defendant appealed, and the matter was tried before a jury in the Circuit Court of Carroll County, resulting in a verdict in favor of the defendant. That jury verdict was affirmed by the Court, and a final order was entered on the 10th day of April, 2000. Thereafter, on the 12th day of July, 2000, the plaintiff filed the above-referenced action seeking recovery for personal injuries received in the accident. Although it is irrelevant with regard to the ultimate disposition of this case, it does appear that in the original proceedings for

property damage, Virginia Mutual Insurance made a motion in limine to remove Virginia Mutual Insurance Company as the named party, to add Janet Rash as the party in interest, and to prohibit any reference to the insurance carrier during the proceedings. There is no formal order; however, there was no reference to the insurance carrier made during the proceeding, and the plaintiff was referred to as Janet Rash, and the jury was instructed using her name as party plaintiff. As indicated above, the jury found in favor of the defendant. The issue is whether or not the plaintiff is collaterally estopped from pursuing this action as a result of the adverse judgment in the first proceeding.

The parties agree that in order to invoke the doctrine of collateral estoppel, the following requirements must be met:

(1) The parties to the prior and subsequent proceedings, or their privies, must be the same;

(2) The factual issue sought to be litigated actually must have been litigated in the prior action;

(3) The factual issue must have been essential to the judgment in the prior proceedings;

(4) The prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied.

The plaintiff concedes that the second and third prongs of the foregoing requirements have been met. That is, the factual issue sought to be litigated was litigated in the prior action and that factual issue was essential to the judgment in the prior proceeding. The plaintiff further concedes that the prior action is a valid final judgment. The plaintiff, however, contests that there was privity between Virginia Mutual Insurance Company, and therefore, the final judgment rendered in the above case was not against Mrs. Rash personally, and therefore, the doctrine would not apply to her.

By statute, § 30.2-307 of the Code of Virginia, an insurer that pays an insured under a contract of insurance which provides that the insurer becomes subrogated to the rights of the insured against any other party the insurer may enforce the legal liability of the other party. That action may be brought in its own name or in the name of the insured. Therefore, as indicated above, the Court is of the opinion that it is irrelevant insofar as the style of the prior proceeding is concerned. The insurer, at its option, could proceed in either name. In this instance, the insurer stepped into the shoes of the insured and was thereby clothed with all the rights and privileges of that insured but subjected to any valid defenses that might affect the recovery against the third party.

It is beyond dispute that in Virginia in tort actions involving automobiles, two potential separate and distinct causes of action arise, one for property damage and one for personal injuries. However, on the issue of collateral estoppel, it is not the nature of the damages that invokes the doctrine of collateral estoppel, but the issue of proximate cause of damages does invoke that doctrine. That is, whether it was the sole negligence of the alleged defendant or was the negligence or contributing negligence of the plaintiff that was the proximate cause of the damage. See *Petrus v. Robins*, 196 Va. 322, 83 S.E.2d 408 (1954). Those issues were presented to the jury in the prior proceeding and resolved adversely to the plaintiff in this cause.

The remaining issue is the issue of privity, and privity has been defined by the Supreme Court of Virginia as follows: It is generally held that privity means a mutual or successive relationship to the same rights or property or such identification in interest of one person with another as to represent the same legal rights, and the term privy, when applied to a judgment or decree, refers to one whose interest has been legally represented at the trial. See *Patterson v. Saunders*, 194 Va. 607, 613, 74 S.E.2d 204 (1958). The foregoing case further cites with approval the following principle: "one who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution of defense of an action in aid of some interest of his own, and who does this openly to the knowledge of the opposing party, is as much bound by the judgment and is fully entitled to avail himself of it as an estoppel against an adverse party, as he would be if he had been a party to the record." (At p. 613.)

The Court is of the opinion in this case that the plaintiff in the original proceeding, Virginia Mutual Insurance, subrogee of Janet Rash, was by virtue of the subrogation in privity with the plaintiff in the present action and stood in the shoes of the plaintiff, Janet Rash, in the prosecution of that proceeding, and she is bound by the jury verdict on the issue of proximate cause of the accident. Accordingly, the Court finds that the defendant's plea of collateral estoppel is well taken and that the action against the defendant is accordingly barred.